Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiffs
RONNIE L. MOODY, GARY T. DEANS,
BILLY R. WILLIAMS, and DONNEL E. JONES

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. MOODY, GARY T. DEANS, BILLY R. WILLIAMS, and DONNEL E. JONES, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, DANIEL PARAMO, MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, <br><br> Defendants. | Case No.   **'18CV1110 WQH AGS** <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

### INTRODUCTION

This action involves the coordinated violation of inmates' constitutional rights by personnel at the Richard J. Donovan Correctional Facility.

### JURISDICTION & VENUE

1.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Southern District of California

1

pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Southern District of California and because many of the acts and/or omissions described herein occurred in the Southern District of California.

**PARTIES**

3.     Plaintiff RONNIE L. MOODY ("MOODY"), CDCR No. AX4388, is a prisoner residing at the California State Prison, Corcoran, located in Corcoran, California. Plaintiff MOODY was, at all material times herein, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

4.     Plaintiff GARY T. DEANS ("DEANS"), CDCR No. J17189, is a prisoner residing at the Salinas Valley State Prison, located in Soledad, California. Plaintiff DEANS was, at all material times herein, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

5.     Plaintiff BILLY R. WILLIAMS ("WILLIAMS"), CDCR No. T30237, is a prisoner residing at the Kern Valley State Prison, located in Delano, California. Plaintiff WILLIAMS was, at all material times herein, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

6.     Plaintiff DONNEL E. JONES ("JONES"), CDCR No. E64009, is, and at all material times herein was, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

7.     Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant CDCR maintains and operates the Richard J. Donovan Correctional Facility.

8.     Defendant DANIEL PARAMO ("PARAMO") is, and at all material times herein was, a law enforcement officers employed by California Department of Corrections and Rehabilitation and the Warden of the Richard J. Donovan Correctional Facility, acting within the scope of that agency or employment and under color of state law. Defendant PARAMO is named in his official capacity.

9.     Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, and BRAVO were, at all material times herein, law enforcement

2

officers employed by California Department of Corrections and Rehabilitation, acting within the scope of that agency or employment and under color of state law. Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, EDROZO, CRUZ, DURAN, AVILA, and BRAVO are named in their individual capacities.

10. Defendant DOE 1 to 50 are and/or were agents or employees of the California Department of Corrections and Rehabilitation, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendant DOE 1 to 50 are not now known and they are referred to by their fictitious names. The true and correct names of Defendant DOE 1 to 50 will be substituted when ascertained.

## EXHAUSTION

11. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES complied with the California Government Claims Act, Cal. Gov. Code § 810 *et seq*., by filing government claims concerning each of the claims alleged herein with the California Department of General Services' Government Claims Program on December 27, 2017.

12. Plaintiff MOODY's claim was rejected on December 29, 2017 [GCP File No. 17012460].

13. Plaintiff DEAN's claim was rejected on December 29, 2017 [GCP File No. 17012462].

14. Plaintiff WILLIAMS's claim was rejected on January 30, 2018 [GCP File No. 17012469].

15. Plaintiff JONES's claim was rejected on January 30, 2018 [GCP File No. 17012487].

## GENERAL ALLEGATIONS

16. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Richard J. Donovan Correctional Facility and the Green Wall

17. The Richard J. Donovan Correctional Facility ("RJDCF") is a correctional institution designated by Defendant CDCR for housing and providing treatment to prisoners with severe mental illnesses and identified as having medium- to high-risk medical concerns.

18. The RJDCF is, and at all material times herein was, operated under the supervision of its Warden, Defendant PARAMO.

19. On information and belief, Defendant PARAMO accepts or acquiesces in a pervasive

3

culture of violence against prisoners at RJDCF. Particularly, there exists a faction of CDCR officers that refer to themselves as the "Green Wall." On information and belief, the Green Wall is essentially a Mafia-like prison gang of correctional officers that engages in unlawful activity, including staff-on-prisoner violence, coordination of prisoner-on-prisoner violence, smuggling illegal contraband/items into CDCR facilities such as illegal drugs and cell phones which are sold to prisoners for cash, and the planting of illegal contraband/items on prisoners (and false reporting thereof).

20.     On information and belief, several Green Wall members are presently employed within the RJDCF. On information and belief, Defendant PARAMO is and has been aware of the illegal activities of the members of the Green Wall at the RJDCF but has failed and refused to take action against them by disciplining and/or terminating them and/or seeking prosecution of them for criminal acts, including the acts alleged to have been committed against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES herein. On information and belief, prior to the incidents described herein, Defendant PARAMO reviewed or was aware of numerous inmate grievances, learned of ongoing violations of inmates' rights by his subordinates, and failed to take corrective action, thereby allowing those violations to continue.

21.     On information and belief, each of Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50 is, or at all material times herein was, a member of the Green Wall.

22.     On information and belief, members of the Green Wall sometimes act with racial animus, particularly towards black and African-American inmates. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES are each black men. On information and belief, of Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions described herein against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were motivated, at least in part, by racial animus.

## The July 17, 2017, Incident

23.     On July 17, 2017, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were prisoners at the RJDCF.

24.     Around 8:00 a.m., in Facility C Yard, Building Unit 14 (an Enhanced Outpatient Program

4

("EOP") Unit) of the RJDCF, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were each present.

25.     Nine cells within Unit 14 were opened for "pill call." During pill call, prisoners receiving medications are required to exit their cells and line-up in front of a counter at the medical office where prisoners' medications are dispensed.

26.     Plaintiff DEANS and JONES exited their cells and were standing in line near the counter for pill call.

27.     Plaintiff MOODY was sitting outside of counselor Fuerte's office.

28.     Plaintiff WILLIAMS was in his cell.

29.     Around 8:15 a.m., an alarm sounded in a different area of the RJDCF. On information and belief, the area where the alarm sounded was at the Otay Mesa facility.

30.     In Unit 14, all prisoners outside of their cells for pill call were instructed to "get down" and sit on the ground.

31.     Plaintiffs DEANS and JONES complied and sat down on the ground.

32.     Counselor Fuerte attempted to exit his office but the location at which Plaintiff MOODY was seated, outside of his office, partially blocked the entryway.

33.     In response, counselor Fuerte kicked Plaintiff MOODY's feet and cursed at him for partially blocking the entryway.

34.     In response, Plaintiff MOODY stood up and began to fight with counselor Fuerte. The mutual fighting went unnoticed for some period of time.

35.     Eventually, a guard on the tower noticed counselor Fuerte and Plaintiff MOODY fighting.

36.     On information and belief, rather than sounding the alarm, the guard instead chose to fire a "block gun" at Plaintiff MOODY. On information and belief, the guard fired his gun at Plaintiff MOODY but missed and instead struck counselor Fuerte in the face, breaking his nose and causing bruises and lacerations to his face.

37.     The alarm inside of Unit 14 was sounded.

38.     In response to the alarm, several CDCR officers rushed into the Unit 14 area.

39.     Plaintiff MOODY was hit with batons, pepper-sprayed in the face, and shot with a block gun.

40. Plaintiff MOODY submitted by lying down on the ground, face-first.

41. As Plaintiff MOODY was lying on the ground, not resisting, he was again pepper-sprayed in the face.

42. Plaintiff MOODY was handcuffed, with his arms behind his back.

43. Defendant MCGEE, a sergeant and CDCR supervisory employee, entered the area and kicked Plaintiff MOODY in the face.

44. Several officers, including Defendants DOE 1 to 50, then joined in and proceed to punch, kick, and hit Plaintiff MOODY with their batons on his body and face as Plaintiff MOODY was defenseless, handcuffed, and lying on the ground.

45. Defendants SALAZAR and RAMOS kicked Plaintiff MOODY in the face.

46. On information and belief, some of the officers involved in beating Plaintiff MOODY were Defendants MCGEE, SALAZAR, RAMOS, ADAMS, and GUERRERA.

47. Plaintiff MOODY eventually lost consciousness due to the beating.

48. Plaintiff MOODY eventually regained consciousness in the medical treatment area of the RJDCF. Plaintiff MOODY sustained several cuts and bruises to his face and body, severe soreness all over his face and body, and his face was severely swollen from the pepper-spraying and beating he sustained. To date, Plaintiff MOODY still experiences pain and soreness in areas of his face and body associated with the beating.

49. As the officers were savagely beating the defenseless and handcuffed Plaintiff MOODY, other prisoners in the area began to protest the beating.

50. Prisoners were yelling words to the effect of, "Stop!," "You're going to kill him!," "That's not fair!," and, "He's in cuffs!"

51. Plaintiff WILLIAMS, from inside of his cell, #129, was yelling at the officers, "I'm going to report you all!," and, to Plaintiff MOODY, "I saw everything! I'm a witness!"

52. In response, Defendant SALAZAR walked over to Plaintiff WILLIAMS's cell.

53. Defendant SALAZAR asked Plaintiff WILLIAMS, "What do you plan on reporting?"

54. Plaintiff WILLIAMS responded, "I'll report that I saw you kicking him in the face."

55. Defendant SALAZAR wrote down Plaintiff WILLIAMS's identifying information from

6

outside of his cell and left the area.

56.    A few minutes later, approximately five officers, Defendants DOE 1 to 5, walked over to Plaintiff WILLIAMS's cell.

57.    Defendants DOE 1 to 5 requested that the control tower open Plaintiff WILLIAMS's cell and all five officers entered the cell.

58.    Inside of the cell, Defendants DOE 1 to 5 threatened Plaintiff WILLIAMS to "keep [his] mouth closed" or they would take away his personal property.

59.    Defendants DOE 1 to 5 then left Plaintiff WILLIAMS's cell. As they walked away, Plaintiff WILLIAMS called out, "I don't care if you threaten me. I'm still going to report you all."

60.    All officers in the area left Unit 14, including Defendants MCGEE, SALAZAR, RAMOS, ADAMS, and DOE 1 to 50, exiting to an area outside of the unit.

61.    Plaintiffs DEANS, WILLIAMS, JONES, and the other prisoners present in Unit 14 sensed something was wrong because prisoners are not to be left unsupervised by officials in this manner— especially after a fighting incident involving a prisoner and an official.

62.    The officers were "huddled-up" outside of Unit 14 in what appeared to be a private meeting, outside of the presence of the prisoners. On information and belief, the officers planned and coordinated how they would threaten and attack the prisoners, including Plaintiffs DEANS, WILLIAMS, and JONES, in attempt to suppress and discourage the prisoners from reporting the beating of Plaintiff MOODY.

63.    The officers then re-entered the Unit 14 area following their meeting outside.

64.    The officers ordered the prisoners who were still outside of their cells to return to their cells.

65.    Plaintiff DEANS, who walks with the aid of a cane and was wearing a green vest indicating his limited status, got up and began to walk towards his cell, as he had been instructed by the officers.

66.    As Plaintiff DEANS was walking to his cell, Defendant SALAZAR, unprovoked, hit Plaintiff DEANS in his face, causing him to fall to the ground.

67.    Other officers, including Defendants DOE 6 to 10, then jumped on top of Plaintiff

7

DEANS and began punching and kicking him. To date, Plaintiff DEANS still experiences soreness associated with the injuries. On information and belief, Plaintiff DEANS was targeted by the officers in retaliation for his being vocal during the incident and calling out for the officers to "Stop!" while they were beating the defenseless and handcuffed Plaintiff MOODY.

68.     Plaintiff JONES, a medically-fragile prisoner who was wearing a green vest indicating his status, got up and began to walk towards his cell, as he had been instructed.

69.     Plaintiff JONES was tackled from behind by Defendant EDROZO as he walked towards his cell.

70.     Defendant CRUZ grabbed Plaintiff JONES's right arm and twisted it painfully behind his back. Defendant CRUZ twisted Plaintiff JONES's arm with such force that he felt a "popping" sensation in his right arm.

71.     Plaintiff JONES told Defendant CRUZ, "You broke my arm."

72.     Plaintiff JONES was taken to the medical treatment facility at the RJDCF and Tri-City Medical Center where x-rays were conducted and he was told that "nothing" was wrong with his arm. Subsequently, however, Plaintiff JONES was permitted to visit a doctor who diagnosed him with a broken right arm. To date, Plaintiff JONES still experiences soreness and pain associated with the injury.

73.     Plaintiff WILLIAMS attempted to observe Plaintiff DEANS's beating by the officers from inside of his cell, but approximately four officers, Defendants DOE 11 to 14, positioned themselves in front of Plaintiff WILLIAMS's cell, intentionally blocking his view of the beating.

74.     One of the officers ordered Plaintiff WILLIAMS to exit his cell.

75.     Plaintiff WILLIAMS was handcuffed with his hands behind his back and then, as instructed, exited his cell.

76.     One of the officers asked Plaintiff WILLIAMS, "What did you want to say?"

77.     Plaintiff WILLIAMS responded that he wanted to report the officers he observed beating prisoners and the threats to take his property.

78.     Defendant BRAVO walked up and joined Plaintiff WILLIAMS and Defendants DOE 11 to 14.

79.     Defendant BRAVO asked, "What's the problem?"

8

80.     One of the officers responded that Plaintiff WILLIAMS was "going to report" officers.

81.     Defendant BRAVO asked Plaintiff WILLIAMS, "What are you going to report?"

82.     Plaintiff WILLIAMS again responded that he intended to report the officers that engaged in misconduct by beating prisoners and threatening to take his personal property.

83.     In response, Defendant BRAVO punched Plaintiff WILLIAMS in the face with a closed fist, striking his right eye with such force that it caused an open wound.

84.     One of the other officers, Defendant DOE 11, then grabbed Plaintiff WILLIAMS, lifted him into the air while his hands were still handcuffed behind his back, and violently slammed him onto the ground.

85.     Defendant DOE 11's slamming of Plaintiff WILLIAMS caused an open wound on his chin and two loose teeth in his mouth. To date, Plaintiff WILLIAMS still experiences headaches and back soreness associated with the injuries.

86.     Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions or inactions were unlawful, including violations of Cal. Pen. Code §§ 147 [inhumanity to prisoners] and 149 [assaults by officers under color of authority].

87.     In addition to the officers present and/or involved in the incidents described, and Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, there were numerous prisoner-witnesses to all or parts of above-described incidents, including, but not limited to: David W. Anderson, CDCR No. C36800; Orlindo A. Myles, CDCR No. AF1849; Shawn M. Rodriguez, CDCR No. V16387; Terrell Hester, CDCR No. E27183; Bernard Stratford, CDCR No. AF8237; Jason N. Campbell, CDCR No. V95112; Alvin F. Usher, CDCR No. D36737; Ronnie V. Robinson, CDCR No. D99021; Kalamice K. Piggee, CDCR No. AV3423; Andrew R. Gatlin, CDCR No. AE4523; Sidney Cooper, CDCR No. H58566; Matthew Jacobs, CDCR No. G19771; Harold W. Richardson, CDCR No. E40439; and Luis M. Muniz, CDCR No. F64896.

88.     On information and belief, a cell-phone video recording captured parts of the incident.

89.     After the July 17, 2017, incident, the RJDCF issued a press release. *See* <https://news.cdcr.ca.gov/news-releases/2017/07/17/richard-j-donovan-correctional-facility-

investigating-inmate-attacks-on-correctional-counselor-correctional-officers/>. The press release falsely and inaccurately described the incidents, including how and what events occurred and how various officers and prisoners sustained reported injuries. On information and belief, the press release was issued without any form of an adequate investigation of the underlying incident on which it reported.

90.     On information and belief, involved personnel, including MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50 falsely reported the incidents and injuries resulting from their conduct, in violation of Cal. Pen. Code § 118.1 [false statements in crime reports].

91.     Following the incident, Plaintiffs DEANS, WILLIAMS, and JONES were each falsely charged with assaulting prison staff. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were punished as a result of the charges, including being placed in administrative segregation/"the hole."

## Obstruction of Grievance Efforts

92.     The CDCR/RJDCF grievance procedure is illusory and Kafkaesque.

93.     Following the July 17, 2017, incident, Plaintiffs MOODY, DEANS, and WILLIAMS were transferred to different and separate CDCR facilities while Plaintiff JONES remained at the RJDCF. On information and belief, Plaintiffs MOODY, DEANS, and WILLIAMS's transfers were conducted with the intent to "break up" the inmates and to thwart and obstruct their efforts to submit and exhaust grievances related to the July 17, 2017, incident.

94.     Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's attempts to submit CDCR Form 602 appeals/grievances related to the July 17, 2017, incident have been thwarted and obstructed by numerous and meritless cancellations and rejections by CDCR/RJDCF personnel that have refused to properly process the grievances. To date, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES continue their efforts to "exhaust" the CDCR Form 602 appeal/grievance process, without success.

95.     Plaintiff MOODY's transfer from the RJDCF to a different CDCR facility resulted in prison staff "losing" much of his legal paperwork, including CDCR Form 602 appeal paperwork prepared by Plaintiff MOODY and associated with the July 17, 2017, incident.

96.     Plaintiff WILLIAMS CDCR Form 602 appeal/grievance associated with the July 17, 2017, incident was improperly "screened out" by CDCR/RJDCF personnel on the basis that it was

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dep't of Corr. & Rehab.*, United States District Court, Southern District of California, Case No. _____

"submitted on behalf of another person" when, in fact, it was not.

97.     Plaintiff JONES filed his CDCR Form 602 appeal/grievance related to the incident and his resulting injuries. Plaintiff JONES was called into the office of Defendant RODRIGUEZ, a sergeant serving as active lieutenant, along with counselor Smith. Defendant RODRIGUEZ asked Plaintiff JONES if he thought he was a "tough guy" and attempted to intimidate Plaintiff JONES into "withdraw[ing]" the grievance. Plaintiff JONES declined to do so. Subsequently, Plaintiff JONES spent four months in the hole and, despite the prospect of release from the CDCR's custody in January 2018, had addition time added to his sentence. Plaintiff JONES's personal property was stolen during his time in the hole.

98.     Plaintiffs MOODY, DEANS, WILLIAMS, and JONES subsequently retained counsel that assisted them with the CDCR Form 602 appeal/grievance process based on the numerous and meritless cancellations and rejections by CDCR/RJDCF personnel. Counsel contacted the CDCR's "Office of Appeals" for the purpose of facilitating the transfer of original grievance documents related to the July 17, 2017, incident. Counsel spoke to a person who answered the phone but refused to provide any information, including names, addressed, or contact information concerning Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's CDCR Form 602 appeal/grievance paperwork. The person insisted that the information was confidential and that she had been instructed not to provide it while, at the same time, audibly laughing while answer every question with the response, "I'm not allowed to tell you." Instead, counsel was routed to an unidentified voice-mailbox where he left a voice-message, never to be returned.

## EQUITABLE ALLEGATIONS

99.     On information and belief, unless Defendant PARAMO is directed and mandated to take action against the Green Wall and members thereof, said illegal criminal organization will continue to terrorize the prisoners at the RJDCF and cause further damage and possible death to inmates at the facility. Unless the Green Wall is enjoined from continuing its illegal acts, including smuggling of contraband including drugs and cell phones into the RJDCF and arranging assaults and "hits" by prisoners against other prisoners, such illegal activities will continue with attendant harm to Plaintiff JONES (and Plaintiffs MOODY, DEANS, and WILLIAMS, if transferred back to the facility) and

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dep't of Corr. & Rehab.*, United States District Court, Southern District of California, Case No. _____

prisoners at the RJDCF.

## FIRST CLAIM

### Unreasonable Force

### (Eighth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

100. The First Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants PARAMO, MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50.

101. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 99, to the extent relevant, as if fully set forth in this Claim.

102. Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, in violation of their rights secured by the Eighth Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment to the U.S. Constitution.

103. Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's constitutional rights, or were wantonly or oppressively done.

104. As a direct and proximate result of Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages against Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50 and declaratory and injunctive relief against Defendant PARAMO.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## SECOND CLAIM

### Retaliation

### (First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

105.    The Second Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants RODRIGUEZ, SALAZAR, BRAVO, and DOE 1 to 50.

106.    Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 99, to the extent relevant, as if fully set forth in this Claim.

107.    Defendants RODRIGUEZ, SALAZAR, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, personally utilized, failed to intercede and prevent, were integral participants to, and/or attempted to suppress complaints of excessive and unreasonable force against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, while Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were engaged in constitutionally protected activity, and where Defendants RODRIGUEZ, SALAZAR, BRAVO, and DOE 1 to 50's intent to inhibit Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's protected activity was a substantial or motivating factor, in violation of their rights secured by the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment to the U.S. Constitution.

108.    Defendants RODRIGUEZ, SALAZAR, BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's constitutional rights, or were wantonly or oppressively done.

109.    As a direct and proximate result of Defendants RODRIGUEZ, SALAZAR, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

# THIRD CLAIM

## Conspiracy

### (First, Eighth, and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. §§ 1983 and 1985)

110.    The Third Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants PARAMO, MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50.

111.    Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 109, to the extent relevant, as if fully set forth in this Claim.

112.    On information and belief, each of Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50 conspired with each other to commit each of the acts alleged herein in violation of Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's rights secured by the First and Eighth Amendments to the U.S. Constitution, as incorporated through the Fourteenth Amendment to the U.S. Constitution.

113.    Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's constitutional rights, or were wantonly or oppressively done.

114.    As a direct and proximate result of Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages against Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50 and declaratory and injunctive relief against Defendant PARAMO.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## FOURTH CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

115.    The Fourth Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendant CDCR.

116.    Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 104, to the extent relevant, as if fully set forth in this Claim.

117.    Defendant CDCR is a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, at all times material herein, had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and were "qualified individual[s] with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because each of them met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendant CDCR, other than the fact that each of them required reasonable modifications to rules, policies, or practices, the removal of barriers, or the provision of auxiliary aids and services.

118.    Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to reasonably accommodate Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

119.    Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's constitutional and statutory rights, or were wantonly or oppressively done.

120.    As a direct and proximate result of Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dep't of Corr. & Rehab.*, United States District Court, Southern District of California, Case No. _____

compensatory and punitive damages against Defendant CDCR.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

### FIFTH CLAIM

**Rehabilitation Act**

**(29 U.S.C. § 794, *et seq*.)**

121.    The Fifth Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendant CDCR.

122.    Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 104 and 115 to 120, to the extent relevant, as if fully set forth in this Claim.

123.    Defendant CDCR is a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendant CDCR receives federal financial assistance. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, at all times material herein, had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and were "qualified individual[s] with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because each of them met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendant CDCR, other than the fact that each of them required reasonable modifications to rules, policies, or practices, the removal of barriers, or the provision of auxiliary aids and services.

124.    Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to reasonably accommodate Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

125.    Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and

16

JONES's constitutional and statutory rights, or were wantonly or oppressively done.

126.     As a direct and proximate result of Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages against Defendant CDCR.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## SIXTH CLAIM

### Declaratory Judgment Act

### (28 U.S.C. § 2201(a))

127.     The Sixth Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendant PARAMO.

128.     Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 114, to the extent relevant, as if fully set forth in this Claim.

129.     There presently exists an actual controversy between the parties regarding the existence and permitted operation of the Green Wall at the RJDCF. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES are informed and believe, and thereupon allege, that the Green Wall's illegal criminal organization will continue to terrorize the prisoners at the RJDCF and cause further damage and possible death to inmates at the facility, unless Defendant PARAMO is directed and mandated to take action against the Green Wall and members thereof. This controversy requires a declaration from this Court as to the rights of the respective parties, and the lawfulness of Defendant PARAMO's actions and inactions.

130.     As a direct and proximate result of Defendant PARAMO's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered and likely will continue to suffer injuries entitling them to receive declaratory and injunctive relief against Defendant PARAMO.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

**SEVENTH CLAIM**

**Unreasonable Force**

**(Article I, § 17 to the California Constitution; Cal. Gov. Code § 820(a))**

131.    The Seventh Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50.

132.    Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 99, to the extent relevant, as if fully set forth in this Claim.

133.    Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, in violation of their rights secured by the art. I, § 17 of the California Constitution.

134.    Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

135.    As a direct and proximate result of Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

**EIGHTH CLAIM**

**Bane Act**

**(Cal. Civ. Code § 52.1(b); Cal. Gov. Code § 820(a))**

136.    The Eighth Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO,

18

CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50.

137.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 135, to the extent relevant, as if fully set forth in this Claim.

138.   Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally interfered with and/or were deliberately or recklessly indifferent to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's rights secured by the Eighth and First Amendments to the U.S. Constitution, as incorporated through the Fourteenth Amendment to the U.S. Constitution, by the ADA and the Rehabilitation Act, and by art. I, § 17 of the California Constitution.

139.   Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

140.   As a direct and proximate result of Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages and statutory penalties.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## NINTH CLAIM

### Assault/Battery

### (Cal. Gov. Code § 820(a))

141.   The Ninth Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50.

142.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 99, to the extent relevant, as if fully set forth in this Claim.

19

143.     Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and personally touched or gave substantial assistance or encouragement in touching or threatened to touch Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, without consent, and that touching or threat of touching constituted unreasonable and excessive force.

144.     Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

145.     As a direct and proximate result of Defendants MCGEE, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## TENTH CLAIM

### Intentional Infliction of Emotional Distress

### (Cal. Gov. Code § 820(a))

146.     The Tenth Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50.

147.     Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 99, to the extent relevant, as if fully set forth in this Claim.

148.     Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct (including violations of Cal. Pen. Code §§ 118.1, 147, and 149) and, as a result of that outrageous conduct, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES did suffer severe emotional distress.

20

149.    Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

150.    As a direct and proximate result of Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## ELEVENTH CLAIM

### Negligence

### (Cal. Gov. Code § 820(a))

151.    The Eleventh Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50.

152.    Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 99, to the extent relevant, as if fully set forth in this Claim.

153.    Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiffs MOODY, DEANS, WILLIAMS, and JONES a duty of care and breached that duty.

154.    Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

155.    As a direct and proximate result of Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50's

21

actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RONNIE L. MOODY, GARY T. DEANS, BILLY R. WILLIAMS, and DONNEL E. JONES seek Judgment as follows:

1.     For an award of compensatory, general, and special damages against Defendants CDCR, MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, according to proof at trial;

2.     For an award of exemplary/punitive damages under federal law against Defendants CDCR, MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to the federally protected rights of Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, or were wantonly or oppressively done; and under state law against Defendants MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, and DOE 1 to 50 because their actions and/or inactions, as alleged, constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES;

3.     For prospective declaratory and injunctive relief against Defendant PARAMO, to enjoin ongoing and continuous violations of rights;

4.     For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1, and any other statute as may be applicable;

5.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

6.     For an award of any other further relief, as the Court deems fair, just, and equitable.

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dep't of Corr. & Rehab.*, United States District Court, Southern District of California, Case No. _____

Dated: May 31, 2018

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:        (916) 443-6911
Facsimile:        (916) 447-8336

Attorneys for Plaintiffs
RONNIE L. MOODY, GARY T. DEANS,
BILLY R. WILLIAMS, and DONNEL E. JONES

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dep't of Corr. & Rehab.*, United States District Court, Southern District of California, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs RONNIE L. MOODY, GARY T. DEANS, BILLY R. WILLIAMS, and DONNEL E. JONES.

Dated: May 31, 2018                              Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:        (916) 443-6911
Facsimile:        (916) 447-8336

Attorneys for Plaintiffs
RONNIE L. MOODY, GARY T. DEANS,
BILLY R. WILLIAMS, and DONNEL E. JONES

24

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dep't of Corr. & Rehab.*, United States District Court, Southern District of California, Case No. _____