UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. MOODY, GARY T. DEANS, BILLY R. WILLIAMS, DONNEL E. JONES,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, DANIEL PARAMO, MCGEE, RODRIGUEZ, SALAZAR, RAMOS, ADAMS, GUERRERA, EDROZO, CRUZ, DURAN, AVILA, BRAVO, DOE 1-50,<br><br>Defendants. | Case No.: 18cv1110-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the motion to dismiss filed by Defendants (ECF No. 18), the Report and Recommendation issued by the Magistrate Judge (ECF No. 40), the objections filed by Defendants (ECF No. 42), and the response to objections filed by Plaintiffs (ECF No. 43).

**I.   BACKGROUND**

On May 31, 2018, Plaintiffs Moody, Deans, Williams, and Jones, incarcerated at Richard J. Donovan Correctional Facility (RJDCF), initiated this action by filing a

complaint against Defendants California Department of Corrections and Rehabilitation (CDCR), Daniel Paramo, McGee, Rodriguez, Salazar, Ramos, Adams, Guerrera, Edrozo, Cruz, Duran, Avila, and Bravo. (ECF No. 1). Plaintiffs allege that Defendants are involved in a "faction of CDCR officers that call themselves the 'Green Wall,'" "a Mafia-like prison gang of correctional officers that engages in unlawful activity, including staff-on-prisoner violence, coordination of prisoner-on-prisoner violence, smuggling illegal contraband/items into CDCR facilities such as illegal drugs and cell phones which are sold to prisoners for cash, and the planting of illegal contraband/items on prisoners (and false reporting thereof)." *Id.* ¶ 19. Plaintiffs allege that Defendants used unreasonable force during an incident on July 17, 2017, interfered with Plaintiffs' ability to submit grievances and complaints regarding the July 17, 2017 incident, and arranged for prison transfers to retaliate against Plaintiffs for their grievances and complaints regarding the July 17, 2017 incident. Plaintiffs bring claims for discrimination based on disability pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and the Rehabilitation Act (RA), 29 U.S.C. § 794, against Defendant CDCR. Plaintiffs bring claims for unreasonable force pursuant to 42 U.S.C. § 1983, conspiracy pursuant to 42 U.S.C. § 1983 and § 1985, and declaratory judgment pursuant to 28 U.S.C. § 2201(a) against Defendant Paramo. Plaintiffs bring claims for retaliation pursuant to 42 U.S.C. § 1983, conspiracy pursuant to 42 U.S.C. § 1983 and § 1985, and state law claims against Defendant Rodriguez. Plaintiffs bring claims for retaliation pursuant to 42 U.S.C. § 1983 against Defendants Salazar and Bravo. Plaintiffs bring claims for unreasonable force pursuant to 42 U.S.C. § 1983 and state law, claims for conspiracy pursuant to 42 U.S.C. § 1983 and § 1985, and state law claims against Defendants McGee, Salazar, Ramos, Adams, Guerrera, Edrozo, Cruz, Duran, Avila, and Bravo. Plaintiffs seek declaratory and injunctive relief against Defendant Paramo and damages against the remaining defendants.

On September 18, 2018, Defendants filed a motion to dismiss on the grounds that "(1) Defendant Paramo is entitled to Eleventh Amendment immunity; (2) Plaintiffs fail to state a claim against Defendant Paramo in his official capacity; (3) Plaintiffs fail to state a

claim against Defendant Duran; (4) Plaintiffs Moody, Deans, and Jones fail to state a claim for retaliation; (5) Plaintiffs fail to state a claim for conspiracy; (6) Plaintiffs claim for injunctive relief is moot because only one Plaintiff is still housed at the prison where the incident occurred; (7) Plaintiffs fail to state a claim for violations of the Americans with Disabilities Act and the Rehabilitation Act; and (8) Plaintiffs cannot recover money damages for unreasonable force under the California Constitution."[1]  (ECF No. 18 at 2).

On October 9, 2018, Plaintiffs filed a response in opposition to the motion to dismiss. (ECF No. 22).

On October 15, 2018, Defendants filed a reply in support of the motion to dismiss. (ECF No. 23).

On June 28, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the claims against Defendant Duran, the § 1985(3) conspiracy claims by Plaintiffs Deans, Williams, and Jones, and the retaliation claims by Plaintiffs Moody, Deans, and Jones.  (ECF No. 40 at 15).  The Report and Recommendation recommends that the Court dismiss with prejudice the claims against Defendant Paramo by Plaintiffs Moody, Deans, and Williams; all conspiracy claims by Plaintiff Moody; the claims for declaratory and injunctive relief by Plaintiffs Moody, Deans, and Williams; and the claim pursuant to Article I, § 17 of the California Constitution.  *Id.*  The Report and Recommendation recommends that the Court otherwise deny the motion to dismiss.

On July 12, 2019, Defendants filed objections to the Report and Recommendation challenging the recommendation to deny dismissal of the ADA and RA claims, and the claim for injunctive relief against Defendant Paramo.  (ECF No. 42 at 8).

---

[1] The Motion does not seek to dismiss the following claims: Plaintiff Williams' retaliation claim pursuant to §1983; the unreasonable force claims pursuant to § 1983 against Defendants McGee, Salazar, Ramos, Adams, Guerrera, Edrozo, Cruz, Avila, Bravo; the Bane Act, assault and battery, intentional infliction of emotional distress, and negligence claims against Defendants McGee, Salazar, Ramos, Adams, Guerrera, Edrozo, Cruz, Avila, Bravo; and the Bane Act, intentional infliction of emotional distress, and negligence claims against Defendant Rodriguez.

3

On July 17, 2019, Plaintiffs filed a response to the objections to the Report and Recommendation. (ECF No. 43).

## II. LEGAL STANDARD ON REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III. DEFENDANT DURAN

No party has filed an objection to the conclusion of the Report and Recommendation that the claims against Defendant Duran should be dismissed with leave to amend. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect the claims against Defendant Duran. (ECF No. 40 at 4:16–6:9). For the reasons stated in the Report and Recommendation the claims against Defendant Duran are dismissed with leave to amend.

## IV. RETALIATION CLAIMS

No party has filed an objection to the conclusion of the Report and Recommendation that retaliation claims by Plaintiffs Moody, Deans, and Jones should be dismissed with leave to amend. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to the retaliation claims by Plaintiffs Moody, Deans, and Jones. (ECF No. 40 at 6:10–8:22). For

the reasons stated in the Report and Recommendation the retaliation claims by Plaintiffs Moody, Deans, and Jones are dismissed with leave to amend.

### V. STATE LAW UNREASONABLE FORCE CLAIM

No party has filed an objection to the conclusion of the Report and Recommendation that the claims pursuant to Article I, § 17 of the California Constitution should be dismissed with prejudice, without leave to amend. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to the claims pursuant to Article I, § 17 of the California Constitution. (ECF No. 40 at 14:1–23). For the reasons stated in the Report and Recommendation the claims pursuant to Article I, § 17 of the California Constitution are dismissed with prejudice, without leave to amend.

### VI. DECLARATORY AND INJUNCTIVE RELIEF CLAIMS BY PLAINTIFFS MOODY, DEANS, AND WILLIAMS

No party has filed an objection to the conclusion of the Report and Recommendation that the claims for declaratory and injunctive relief by Plaintiffs Moody, Deans, and Williams are moot and should be dismissed with prejudice, without leave to amend. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to the claims for declaratory and injunctive relief by Plaintiffs Moody, Deans, and Williams. (ECF No. 40 at 12:25–13:25). For the reasons stated in the Report and Recommendation the claims for declaratory and injunctive relief by Plaintiffs Moody, Deans, and Williams are dismissed with prejudice, without leave to amend.

### VII. DEFENDANT PARAMO

No party has filed an objection to the conclusion of the Report and Recommendation that Plaintiffs do not seek money damages against Defendant Paramo and that the Motion to Dismiss damages claims against Defendant Paramo should be denied as moot. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to the Motion to Dismiss damages claims against

Defendant Paramo. (ECF No. 40 at 3:10–12). For the reasons stated in the Report and Recommendation the Motion to Dismiss damages claims against Defendant Paramo is denied as moot.

Defendants object to the conclusion of the Report and Recommendation that Plaintiff Jones may pursue declaratory and injunctive relief against Defendant Paramo. Defendants contend that Plaintiff Jones fails to allege facts showing a causal connection between Defendant Paramo's conduct and the injurious conduct of the other defendants. Defendants contend that the proposed injunction is vague because the conduct to be enjoined is not specified. Defendants contend that the proposed injunction is overly broad because large classes of inmates and correctional staff who are not parties to this litigation would be affected. Defendants assert that the proposed injunction would require continuous federal court supervision of state officers' conduct.

Plaintiffs contend that the Court should exercise its discretion not to consider Defendants' objections based on vagueness and overbreadth, which were not raised before the Magistrate Judge. Plaintiffs contend that alleging facts that connect Defendant Paramo's individual conduct to the alleged injuries is not necessary for purposes of seeking injunctive relief against Defendant Paramo in his official capacity. Plaintiffs contend that the allegations adequately show that Defendant Paramo is in a position to respond to injunctive relief related to the Green Wall. Plaintiffs contend that it is premature to dismiss the injunctive relief claim for vagueness or for continuous federal court supervision of state officials at this stage in the litigation.

After conducting a de novo review of the related portions of the Report and Recommendation and considering the entire file, including Defendants' objections, the Court finds that the Report and Recommendation correctly concluded that the facts alleged in the Complaint demonstrate an unconstitutional policy or custom supporting Plaintiff Jones's claim for equitable relief against Defendant Paramo. *See Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("A policy or custom may be found . . . in the failure of an official 'to take any remedial steps after the violations.' . . . Where the retaliatory acts are

traceable to a custom or policy . . . it is unnecessary to demonstrate that the decision-making official directly ordered each act carried out under his edict.") (quoting *Larez v. City of L.A.*, 946 F.2d 630, 647 (9th Cir. 1991)). The Court adopts the Report and Recommendation with respect to the Motion to Dismiss damages claims against Defendant Paramo. (ECF No. 40 at 3:13–4:15). For the reasons stated in the Report and Recommendation the Motion to Dismiss Plaintiff Jones's claim for equitable relief against Defendant Paramo is denied.

## VIII. CONSPIRACY CLAIMS

No party has filed an objection to the conclusion of the Report and Recommendation that the § 1983 conspiracy claims by Plaintiffs Deans, Williams, and Jones should not be dismissed. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to the §1983 conspiracy claims by Plaintiffs Deans, Williams, and Jones. (ECF No. 40 at 8:23–10:7, 10:14–15). For the reasons stated in the Report and Recommendation the §1983 conspiracy claims by Plaintiffs Deans, Williams, and Jones proceed.

No party has filed an objection to the conclusion of the Report and Recommendation that all conspiracy claims by Plaintiff Moody should be dismissed with prejudice, without leave to amend. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to all conspiracy claims by Plaintiff Moody. (ECF No. 40 at 8:23–10:8, 10:13–14). For the reasons stated in the Report and Recommendation all conspiracy claims by Plaintiff Moody are dismissed with prejudice, without leave to amend.

No party has filed an objection to the conclusion of the Report and Recommendation that the § 1985(3) conspiracy claims by Plaintiffs Deans, Williams, and Jones should be dismissed with leave to amend. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to the § 1985(3) conspiracy claims by Plaintiffs Deans, Williams, and Jones. (ECF No. 40 at 8:23–

10:13). For the reasons stated in the Report and Recommendation the § 1985(3) conspiracy claims by Plaintiffs Deans, Williams, and Jones are dismissed with leave to amend.

In addition, Defendants move to dismiss the conspiracy claim in its entirety. The Complaint and Motion to Dismiss do not reference a specific subsection of § 1985. Plaintiffs oppose the Motion to Dismiss on the grounds that the Complaint states a conspiracy claim, specifically referencing § 1985(3). Conspiracy to interfere with the duties of federal officers is prohibited by § 1985(1). The Court finds the Complaint does not allege facts sufficient to state a claim pursuant to § 1985(1). "Obstructing justice; intimidating party, witness, or juror" is prohibited by § 1985(2). *Sanchez v. City of Santa Ana* provides, "A claim brought under the first and second clauses of section 1985(2) requires a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws and a class race-based animus." 936 F.2d 1027, 1039 (9th Cir. 1990). A plaintiff must allege facts showing "a conspiracy to obstruct justice aimed at the class." *Id.* The Court finds the Complaint does not allege facts sufficient to state a claim pursuant to § 1985(2). *See id.* at 1039–40 ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim . . . . [O]ne incident does not amount to substantial evidence of a conspiracy to obstruct . . . justice directed at the class."). The Court dismisses all § 1985 conspiracy claims by Plaintiffs Deans, Williams, and Jones with leave to amend.

### IX. ADA AND RA CLAIMS

Defendants object to the conclusion of the Report and Recommendation that Plaintiffs state ADA and RA claims on the grounds that Plaintiffs allege facts showing that Defendants' actions were for the purpose of silencing Plaintiffs or getting revenge against Plaintiffs and that no actions were taken because of Plaintiffs' disability. Defendants contend that the cases the Magistrate Judge relied on involve Fourth Amendment claims based on arrests of private citizens, which do not apply in the prison context where the Eighth Amendment governs excessive force inquiries.

Plaintiffs contend that the allegations that Defendants took actions for the purposes of silencing or getting revenge are not mutually exclusive of allegations that Defendants took actions because of disability. Plaintiffs contend that employing unreasonable force is tantamount to a failure to reasonably accommodate, which qualifies as intentional discrimination and satisfies the deliberate indifference standard necessary to claim monetary damages.

The provisions of the ADA and the RA apply to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). The Court of Appeals has stated,

> In order to state a claim under Title II of the ADA, a plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. . . . Similarly, to state a claim under the Rehabilitation Act, a plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007). "A plaintiff can allege disability discrimination in the provision of inmate services, programs, or activities under the ADA or the RA by pleading either (i) discrimination based on disparate treatment or impact, or (ii) denial of reasonable modifications or accommodations." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 1000 (E.D. Cal. 2017) (first citing *Fortyune v. Am. Multi–Cinema, Inc.*, 364 F.3d 1075, 1086 (9th Cir. 2004), then citing *Dunlap v. Ass'n of Bay Area Gov'ts*, 996 F. Supp. 962, 965 (N.D. Cal. 1998), and then citing *McGary v. City of Portland*, 386 F.3d 1259, 1266 (9th Cir. 2004)).

"[C]ourts have concluded . . . that 'by reason of' should be read to require only 'but for' rather than proximate causation." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1017 (9th Cir. 2013) (citing *New Directions Treatment Servs. v. City*

*of Reading*, 490 F.3d 293, 301 n. 4 (3d Cir. 2007) ("[T]he ADA prohibits discrimination against an individual 'by reason of such disability.' . . . [T]his language . . . clearly establishes that the . . . ADA . . . requires only but for causation.")). *But see Lee v. City of L.A.*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise qualified individual meaningful access to its services, programs, or activities solely by reason of his or her disability, that individual may have an ADA claim against the public entity.") (quotations omitted); *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) ("[A] plaintiff proceeding under Title II of the ADA must, similar to a Section 504 plaintiff, prove that the exclusion from participation in the program was solely by reason of disability.") (quotation omitted).

In this case, Plaintiffs allege that Defendants engage in or permit "Mafia-like" violent and unlawful conduct. (ECF No. 1 ¶ 20). Plaintiffs allege that the conduct is "sometimes" "motivated, at least in part, by racial animus." *Id.* ¶ 22. Plaintiffs allege that on July 17, 2017, Counselor Fuerte "kicked Plaintiff MOODY's feet and cursed at him for partially blocking the entryway" "[i]n response" to where Plaintiff Moody was seated when Counselor Fuerte "attempted to exit his office." *Id.* ¶¶ 32–33. Plaintiffs allege that correction officers used a block gun, pepper spray, batons, handcuffs, and physical force against Plaintiff Moody after "a guard on the tower noticed Fuerte and Plaintiff MOODY fighting," after "rush[ing] into the Unit 14 area" "in response to" "the alarm inside of Unit 14." *Id.* ¶¶ 37–45. Plaintiffs allege that Defendant Salazar "walked over to Plaintiff WILLIAMS's cell" and "wrote down Plaintiff WILLIAMS's identifying information," and other officers entered Plaintiff Williams's cell and threatened to take his personal property, after Plaintiff Williams yelled "I'm going to report you all! . . . I saw everything! I'm a witness!" *Id.* ¶¶ 51–58. Plaintiffs allege that "the officers planned and coordinated how they would threaten and attack the prisoners, including Plaintiffs DEANS, WILLIAMS, and JONES, in attempt to suppress and discourage the prisoners from reporting the beating of Plaintiff MOODY." *Id.* ¶ 62. Plaintiffs allege that officers jumped on top of, punched, and kicked Plaintiff Deans "in retaliation for his being vocal during the incident and calling

out for the officers to 'Stop!' while they were beating the defenseless and handcuffed Plaintiff MOODY." *Id.* ¶ 67. Plaintiffs allege that officers engaged in physical violence against Plaintiff Williams after Plaintiff Williams "responded that he wanted to report the officers he observed beating prisoners and the threats to take his property." *Id.* ¶¶ 73–85. Plaintiffs allege that Plaintiffs Moody, Deans, and Williams "were transferred to different and separate CDCR facilities" "with the intent to 'break up' the inmates and to thwart and obstruct their efforts to submit and exhaust grievances related to the July 17, 2017, incident." *Id.* ¶ 93.

The Complaint alleges that Defendants "failed to reasonably accommodate Plaintiffs['] . . . disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the [ADA] . . . ." and that Defendants "were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs['] . . . constitutional and statutory rights, or were wantonly or oppressively done." *Id.* ¶¶ 118–19. The Complaint alleges that Defendants "failed to reasonably accommodate Plaintiffs['] . . . disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the [RA] . . . ." and that Defendants were "were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs['] constitutional and statutory rights, or were wantonly or oppressively done." *Id.* ¶¶ 124–25.

The Court concludes that the facts alleged do not support a plausible inference that the actions allegedly taken by Defendants were by reason of Plaintiffs' disability.[2]

---

[2] Defendants raise no objection to, and the Court does not reach, the Magistrate Judge's conclusion that Plaintiffs have adequately alleged the element of discrimination or exclusion. *See Atayde*, 255 F. Supp. 3d at 1000 ("[T]o plead a failure to accommodate under the ADA or RA, a plaintiff must allege that a public entity knew of plaintiff's disability but failed to provide reasonable accommodations. . . . A correctional facility's 'deliberate refusal' to accommodate plaintiff's disability-related needs violates the ADA and the RA.") (first citing *Robertson v. Las Animas Cty. Sherriff's Dep't*, 500 F.3d 1185, 1196 (9th Cir. 2007), and then quoting *United States v. Georgia*, 546 U.S. 151, 157 (2006)); *see also Castle v.*

*Compare Redon v. Jordan*, No. 13CV1765 WQH (KSC), 2015 WL 9244288, at *8 (S.D. Cal. Dec. 17, 2015) (concluding allegations failed to show conduct by reason of disability where the alleged facts showed that "Plaintiff was transported to a mental health and welfare facility . . . because officers determined that as a result of a mental health disorder, Plaintiff is a danger to others, or to himself" and that "officers arrested Plaintiff after responding to a 911 call reporting a domestic disturbance"), *with Latson v. Clarke*, 249 F. Supp. 3d 838, 857 (W.D. Va. 2017) ("He has alleged that the defendants severely punished him for what were essentially symptoms and manifestations of his disabilities.").

The Court does not adopt the related portions of the Report and Recommendation. (ECF No. 40 at 10:16–12:24). The ADA and RA claims against CDCR are dismissed with leave to amend.

## X. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 40) is adopted in part and not adopted in part as stated herein.

IT IS FURTHER ORDERED that Defendants' objections (ECF No. 42) to the Report and Recommendation are overruled in part and sustained in part as stated herein.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 18) is GRANTED in part and denied in part as set forth herein. The claims against Defendant

---

*Eurofresh, Inc.*, 731 F.3d 901, 911 (9th Cir. 2013) ("[I]n the prison context, we have held that a district court may consider "with deference to the expert views of facility administrators, a detention or correctional facility's legitimate interests (namely, in maintaining security and order and operating an institution in a manageable fashion) when determining whether a given accommodation is reasonable."); *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1216–17 (9th Cir. 2008) ("[I]nmates' rights must be analyzed in light of effective prison administration. . . . [T]o prevail on a claim that their statutory rights have been violated, inmates must show that the challenged prison policy or regulation is unreasonable.") (quotation omitted). The Court does not reach issues regarding the propriety of applying, in the context of this case, law that governs excessive force and reasonable accommodation in the context of an arrest. *See Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018), *cert. denied sub nom. City of Newport Beach v. Vos*, 139 S. Ct. 2613 (2019); *see also Moore v. City of Berkeley*, No. 14-CV-00669-CRB, 2018 WL 1456628, at *15 (N.D. Cal. Mar. 23, 2018) ("[B]ringing an ADA claim allows plaintiffs to skirt the doctrine of qualified immunity, because ADA claims are asserted against the agency that employs the officers, not against the officers themselves.").

Duran are dismissed with leave to amend. All conspiracy claims by Plaintiff Moody are dismissed with prejudice, without leave to amend. All § 1985 conspiracy claims by Plaintiffs Deans, Williams, and Jones are dismissed with leave to amend. The retaliation claims by Plaintiffs Moody, Deans, and Jones are dismissed with leave to amend. The claims pursuant to Article I, § 17 of the California Constitution are dismissed with prejudice, without leave to amend. The claims for declaratory and injunctive relief by Plaintiffs Moody, Deans, and Williams are dismissed with prejudice, without leave to amend. The ADA and RA claims against CDCR are dismissed with leave to amend. The remaining claims proceed: Plaintiff Williams' retaliation claim pursuant to §1983; the unreasonable force claims pursuant to § 1983 against Defendants McGee, Salazar, Ramos, Adams, Guerrera, Edrozo, Cruz, Avila, Bravo; the Bane Act, assault and battery, intentional infliction of emotional distress, and negligence claims against Defendants McGee, Salazar, Ramos, Adams, Guerrera, Edrozo, Cruz, Avila, Bravo; the Bane Act, intentional infliction of emotional distress, and negligence claims against Defendant Rodriguez; the §1983 conspiracy claims by Plaintiffs Deans, Williams, and Jones; and Plaintiff Jones's claim for declaratory and injunctive relief against Defendant Paramo.

Dated: September 3, 2019

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court