1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:  (916) 443-6911
4  Facsimile:  (916) 447-8336
   E-Mail:     mark@markmerin.com
5              paul@markmerin.com

6

7  Attorneys for Plaintiffs
   RONNIE L. MOODY, GARY T. DEANS,
8  BILLY R. WILLIAMS, and DONNEL E. JONES

9

10                UNITED STATES DISTRICT COURT

11               SOUTHERN DISTRICT OF CALIFORNIA

12

13 | RONNIE L. MOODY, GARY T. DEANS,       | Case No. 3:18-cv-01110-WQH-AGS
   | BILLY R. WILLIAMS, and DONNEL E.      |
14 | JONES,                                | **FIRST AMENDED COMPLAINT**
                                           | **FOR VIOLATION OF CIVIL AND**
15                                         | **CONSTITUTIONAL RIGHTS**
16 |          Plaintiffs,                  |
                                           | **DEMAND FOR JURY TRIAL**
17 | vs.                                   |

18 CALIFORNIA DEPARTMENT OF
   CORRECTIONS AND REHABILITATION,
19 DANIEL PARAMO, RODRIGUEZ,
   J. MCGEE, J. SALAZAR, D. RAMOS,
20 ADAMS, J. HERRERA, W. EDROZO,
   E. CRUZ, J. DURAN, AVILA, I. BRAVO,
21 and DOE 1 to 50,
22
23          Defendants.

24

25              **<u>INTRODUCTION</u>**

26        This action involves the coordinated violation of inmates' constitutional rights,

27 including use of excessive and unreasonable force and false reporting thereof, by

28 personnel at the Richard J. Donovan Correctional Facility.

1

## JURISDICTION & VENUE

1.     This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Southern District of California and because many of the acts and/or omissions described herein occurred in the Southern District of California.

## PARTIES

3.     Plaintiff RONNIE L. MOODY ("MOODY"), CDCR No. AX4388, is a prisoner residing at the California Correctional Institution, located in Tehachapi, California. Plaintiff MOODY was, at all material times herein, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

4.     Plaintiff GARY T. DEANS ("DEANS"), CDCR No. J17189, is a prisoner residing at the Salinas Valley State Prison, located in Soledad, California. Plaintiff DEANS was, at all material times herein, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

5.     Plaintiff BILLY R. WILLIAMS ("WILLIAMS"), CDCR No. T30237, is a prisoner residing at the Kern Valley State Prison, located in Delano, California. Plaintiff WILLIAMS was, at all material times herein, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

6.     Plaintiff DONNEL E. JONES ("JONES"), CDCR No. E64009, is, and at all material times herein was, a prisoner residing at the Richard J. Donovan Correctional Facility, located in San Diego, California.

7.     Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND

2

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1  REHABILITATION ("CDCR") is a "public entity" within the definition of Cal. Gov.

2  Code § 811.2. Defendant CDCR maintains and operates the Richard J. Donovan

3  Correctional Facility, located in San Diego, California.

4      8.    Defendant DANIEL PARAMO ("PARAMO") is, and at all material times

5  herein was, a law enforcement officers employed by California Department of

6  Corrections and Rehabilitation and the Warden of the Richard J. Donovan Correctional

7  Facility, acting within the scope of that agency or employment and under color of state

8  law. Defendant PARAMO is named in his official capacity.

9      9.    Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS,

10  ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, and I. BRAVO

11  were, at all material times herein, law enforcement officers employed by California

12  Department of Corrections and Rehabilitation, acting within the scope of that agency or

13  employment and under color of state law. Defendants J. MCGEE, RODRIGUEZ, J.

14  SALAZAR, D. RAMOS, ADAMS, W. EDROZO, E. CRUZ, J. DURAN, AVILA, and

15  I. BRAVO are named in their individual capacities.

16      10.   Defendant DOE 1 to 50 are and/or were agents or employees of the

17  California Department of Corrections and Rehabilitation, and acted within the scope of

18  that agency or employment and under color of state law. The true and correct names of

19  Defendant DOE 1 to 50 are not now known and they are referred to by their fictitious

20  names. The true and correct names of Defendant DOE 1 to 50 will be substituted when

21  ascertained.

22                          **EXHAUSTION**

23      11.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES complied with the

24  California Government Claims Act, Cal. Gov. Code § 810 *et seq*., by filing government

25  claims concerning each of the claims alleged herein with the California Department of

26  General Services' Government Claims Program on December 27, 2017.

27      12.   Plaintiff MOODY's claim was rejected on December 29, 2017 [GCP File

28  No. 17012460].

13.     Plaintiff DEAN's claim was rejected on December 29, 2017 [GCP File No. 17012462].

14.     Plaintiff WILLIAMS's claim was rejected on January 30, 2018 [GCP File No. 17012469].

15.     Plaintiff JONES's claim was rejected on January 30, 2018 [GCP File No. 17012487].

## GENERAL ALLEGATIONS

16.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Richard J. Donovan Correctional Facility and the Green Wall

17.     The Richard J. Donovan Correctional Facility ("RJDCF") is a correctional institution designated by Defendant CDCR for housing and providing treatment to prisoners with severe mental illnesses and identified as having medium- to high-risk medical concerns.

18.     The RJDCF is, and at all material times herein was, operated under the supervision of its Warden, Defendant PARAMO.

19.     On information and belief, Defendant PARAMO accepts or acquiesces in a pervasive culture of violence against prisoners at RJDCF. Particularly, there exists a faction of CDCR officers that refer to themselves as the "Green Wall." On information and belief, the Green Wall is essentially a Mafia-like prison gang of correctional officers that engages in unlawful activity, including staff-on-prisoner violence, coordination of prisoner-on-prisoner violence, smuggling illegal contraband/items into CDCR facilities such as illegal drugs and cell phones which are sold to prisoners for cash, and the planting of illegal contraband/items on prisoners (and false reporting thereof).

20.     On information and belief, several Green Wall members are presently employed within the RJDCF. On information and belief, Defendant PARAMO is and has been aware of the illegal activities of the members of the Green Wall at the RJDCF

but has failed and refused to take action against them by disciplining and/or terminating them and/or seeking prosecution of them for criminal acts, including the acts alleged to have been committed against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES herein. On information and belief, prior to the incidents described herein, Defendant PARAMO reviewed or was aware of numerous inmate grievances, learned of ongoing violations of inmates' rights by his subordinates, and failed to take corrective action, thereby allowing those violations to continue.

21.   On information and belief, each of Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50 is, or at all material times herein was, a member of the Green Wall.

22.   On information and belief, members of the Green Wall sometimes act with racial animus, particularly towards black and African-American inmates. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES are each black men. On information and belief, of Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions described herein against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were motivated, at least in part, by racial animus.

## The July 17, 2017, Incident

23.   On July 17, 2017, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were prisoners at the RJDCF.

24.   Around 8:00 a.m., in Facility C Yard, Building Unit 14 (an Enhanced Outpatient Program ("EOP") Unit) of the RJDCF, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were each present.

25.   An EOP Unit is a mental health outpatient program whose goal is to identify issues preventing an inmate from programming on mainline, address the issues through individualized treatment plans, and return the inmate to the least restrictive environment—*i.e.*, mainline. An EOP Unit's clinical team provides inmates with

5

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1   individual weekly therapy, structured clinical groups, and recreational therapy.

2       26.    All inmates housed within an EOP Unit are either regarded by Defendant

3   CDCR and its personnel as having a physical or mental impairment that substantially

4   limited one or more major life activities; or perceived by Defendant CDCR and its

5   personnel to have a physical or mental impairment.

6       27.    Nine cells within Unit 14 were opened for "pill call." During pill call,

7   prisoners receiving medications are required to exit their cells and line-up in front of a

8   counter at the medical office where prisoners' medications are dispensed.

9       28.    Plaintiff DEANS and JONES exited their cells and were standing in line

10   near the counter for pill call.

11       29.    Plaintiff MOODY was sitting outside of counselor Fuerte's office.

12       30.    Plaintiff WILLIAMS was in his cell.

13       31.    Around 8:15 a.m., an alarm sounded in a different area of the RJDCF. On

14   information and belief, the area where the alarm sounded was at the Otay Mesa facility.

15       32.    In Unit 14, all prisoners outside of their cells for pill call were instructed to

16   "get down" and sit on the ground.

17       33.    Plaintiffs DEANS and JONES complied and sat down on the ground.

18       34.    Counselor Fuerte attempted to exit his office but the location at which

19   Plaintiff MOODY was seated, outside of his office, partially blocked the entryway.

20       35.    In response, counselor Fuerte kicked Plaintiff MOODY's feet and cursed at

21   him for partially blocking the entryway.

22       36.    In response, Plaintiff MOODY stood up and began to fight with counselor

23   Fuerte. The mutual fighting went unnoticed for some period of time.

24       37.    Eventually, a guard on the tower noticed counselor Fuerte and Plaintiff

25   MOODY fighting.

26       38.    On information and belief, rather than sounding the alarm, the guard

27   instead chose to fire a "block gun" at Plaintiff MOODY. On information and belief, the

28   guard fired his gun at Plaintiff MOODY but missed and instead struck counselor Fuerte

6

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1    in the face, breaking his nose and causing bruises and lacerations to his face.

2        39.    The alarm inside of Unit 14 was sounded.

3        40.    In response to the alarm, several CDCR officers rushed into the Unit 14

4    area.

5        41.    Plaintiff MOODY was hit with batons, pepper-sprayed in the face, and shot

6    with a block gun.

7        42.    Plaintiff MOODY submitted by lying down on the ground, face-first.

8        43.    As Plaintiff MOODY was lying on the ground, not resisting, he was again

9    pepper-sprayed in the face.

10       44.    Plaintiff MOODY was handcuffed, with his arms behind his back.

11       45.    Defendant J. MCGEE, a sergeant and CDCR supervisory employee,

12   entered the area and kicked Plaintiff MOODY in the face.

13       46.    Several officers, including Defendants DOE 1 to 50, then joined in and

14   proceed to punch, kick, and hit Plaintiff MOODY with their batons on his body and face

15   as Plaintiff MOODY was defenseless, handcuffed, and lying on the ground.

16       47.    Defendants J. SALAZAR and D. RAMOS kicked Plaintiff MOODY in the

17   face.

18       48.    On information and belief, some of the officers involved in beating Plaintiff

19   MOODY were Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, and J.

20   HERRERA.

21       49.    Plaintiff MOODY eventually lost consciousness due to the beating.

22       50.    Plaintiff MOODY eventually regained consciousness in the medical

23   treatment area of the RJDCF. Plaintiff MOODY sustained several cuts and bruises to his

24   face and body, severe soreness all over his face and body, and his face was severely

25   swollen from the pepper-spraying and beating he sustained. To date, Plaintiff MOODY

26   still experiences pain and soreness in areas of his face and body associated with the

27   beating.

28       51.    As the officers were savagely beating the defenseless and handcuffed

1    Plaintiff MOODY, other prisoners in the area began to protest the beating.

2         52.    Prisoners were yelling words to the effect of, "Stop!," "You're going to kill

3    him!," "That's not fair!," and, "He's in cuffs!"

4         53.    Plaintiff WILLIAMS, from inside of his cell, #129, was yelling at the

5    officers, "I'm going to report you all!," and, to Plaintiff MOODY, "I saw everything!

6    I'm a witness!"

7         54.    In response, Defendant J. SALAZAR walked over to Plaintiff

8    WILLIAMS's cell.

9         55.    Defendant J. SALAZAR asked Plaintiff WILLIAMS, "What do you plan

10   on reporting?"

11        56.    Plaintiff WILLIAMS responded, "I'll report that I saw you kicking him in

12   the face."

13        57.    Defendant J. SALAZAR wrote down Plaintiff WILLIAMS's identifying

14   information from outside of his cell and left the area.

15        58.    A few minutes later, approximately five officers, Defendants DOE 1 to 5,

16   walked over to Plaintiff WILLIAMS's cell.

17        59.    Defendants DOE 1 to 5 requested that the control tower open Plaintiff

18   WILLIAMS's cell and all five officers entered the cell.

19        60.    Inside of the cell, Defendants DOE 1 to 5 threatened Plaintiff WILLIAMS

20   to "keep [his] mouth closed" or they would take away his personal property.

21        61.    Defendants DOE 1 to 5 then left Plaintiff WILLIAMS's cell. As they

22   walked away, Plaintiff WILLIAMS called out, "I don't care if you threaten me. I'm still

23   going to report you all."

24        62.    All officers in the area left Unit 14, including Defendants J. MCGEE, J.

25   SALAZAR, D. RAMOS, ADAMS, and DOE 1 to 50, exiting to an area outside of the

26   unit.

27        63.    Plaintiffs DEANS, WILLIAMS, JONES, and the other prisoners present in

28   Unit 14 sensed something was wrong because prisoners are not to be left unsupervised

8

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1  by officials in this manner—especially after a fighting incident involving a prisoner and

2  an official.

3      64.    The officers, including J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

4  HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

5  50, were "huddled-up" outside of Unit 14 in what appeared to be a private meeting,

6  outside of the presence of the prisoners. On information and belief, the officers planned

7  and coordinated how they would threaten and attack the prisoners, including Plaintiffs

8  DEANS, WILLIAMS, and JONES, in attempt to suppress and discourage the prisoners

9  from reporting the beating of Plaintiff MOODY.

10     65.    The officers then re-entered the Unit 14 area following their meeting

11  outside.

12     66.    The officers ordered the prisoners who were still outside of their cells to

13  return to their cells.

14     67.    Plaintiff DEANS, who walks with the aid of a cane and was wearing a

15  green vest indicating his limited status, got up and began to walk towards his cell, as he

16  had been instructed by the officers.

17     68.    As Plaintiff DEANS was walking to his cell, Defendant J. SALAZAR,

18  unprovoked, hit Plaintiff DEANS in his face, causing him to fall to the ground.

19     69.    Other officers, including Defendants DOE 6 to 10, then jumped on top of

20  Plaintiff DEANS and began punching and kicking him. On information and belief,

21  Defendant J. DURAN stood by and did not intervene in Plaintiff DEANS's beating,

22  despite having the opportunity to do so. To date, Plaintiff DEANS still experiences

23  soreness associated with the injuries. On information and belief, Plaintiff DEANS was

24  targeted by the officers in retaliation for his being vocal during the incident and calling

25  out for the officers to "Stop!" while they were beating the defenseless and handcuffed

26  Plaintiff MOODY.

27     70.    Plaintiff JONES, a medically-fragile prisoner who was wearing a green vest

28  indicating his status, got up and began to walk towards his cell, as he had been

1   instructed.

2       71.    Plaintiff JONES was tackled from behind by Defendant W. EDROZO as he

3   walked towards his cell.

4       72.    Defendant E. CRUZ grabbed Plaintiff JONES's right arm and twisted it

5   painfully behind his back. Defendant E. CRUZ twisted Plaintiff JONES's arm with such

6   force that he felt a "popping" sensation in his right arm.

7       73.    Plaintiff JONES told Defendant E. CRUZ, "You broke my arm."

8       74.    Plaintiff JONES was taken to the medical treatment facility at the RJDCF

9   and Tri-City Medical Center where x-rays were conducted and he was told that

10  "nothing" was wrong with his arm. Subsequently, however, Plaintiff JONES was

11  permitted to visit a doctor who diagnosed him with a broken right arm. To date, Plaintiff

12  JONES still experiences soreness and pain associated with the injury.

13      75.    Plaintiff WILLIAMS attempted to observe Plaintiff DEANS's beating by

14  the officers from inside of his cell, but approximately four officers, Defendants DOE 11

15  to 14, positioned themselves in front of Plaintiff WILLIAMS's cell, intentionally

16  blocking his view of the beating.

17      76.    One of the officers ordered Plaintiff WILLIAMS to exit his cell.

18      77.    Plaintiff WILLIAMS was handcuffed with his hands behind his back and

19  then, as instructed, exited his cell.

20      78.    One of the officers asked Plaintiff WILLIAMS, "What did you want to

21  say?"

22      79.    Plaintiff WILLIAMS responded that he wanted to report the officers he

23  observed beating prisoners and the threats to take his property.

24      80.    Defendant I. BRAVO walked up and joined Plaintiff WILLIAMS and

25  Defendants DOE 11 to 14.

26      81.    Defendant I. BRAVO asked, "What's the problem?"

27      82.    One of the officers responded that Plaintiff WILLIAMS was "going to

28  report" officers.

10

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

83. Defendant I. BRAVO asked Plaintiff WILLIAMS, "What are you going to report?"

84. Plaintiff WILLIAMS again responded that he intended to report the officers that engaged in misconduct by beating prisoners and threatening to take his personal property.

85. In response, Defendant I. BRAVO punched Plaintiff WILLIAMS in the face with a closed fist, striking his right eye with such force that it caused an open wound.

86. One of the other officers, Defendant DOE 11, then grabbed Plaintiff WILLIAMS, lifted him into the air while his hands were still handcuffed behind his back, and violently slammed him onto the ground.

87. Defendant DOE 11's slamming of Plaintiff WILLIAMS caused an open wound on his chin and two loose teeth in his mouth. To date, Plaintiff WILLIAMS still experiences headaches and back soreness associated with the injuries.

88. Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions or inactions were unlawful, including violations of Cal. Pen. Code §§ 147 [inhumanity to prisoners] and 149 [assaults by officers under color of authority].

89. In addition to the officers present and/or involved in the incidents described, and Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, there were numerous prisoner-witnesses to all or parts of above-described incidents, including, but not limited to: David W. Anderson, CDCR No. C36800; Orlindo A. Myles, CDCR No. AF1849; Shawn M. Rodriguez, CDCR No. V16387; Terrell Hester, CDCR No. E27183; Bernard Stratford, CDCR No. AF8237; Jason N. Campbell, CDCR No. V95112; Alvin F. Usher, CDCR No. D36737; Ronnie V. Robinson, CDCR No. D99021; Kalamice K. Piggee, CDCR No. AV3423; Andrew R. Gatlin, CDCR No. AE4523; Sidney Cooper, CDCR No. H58566; Matthew Jacobs, CDCR No. G19771; Harold W. Richardson, CDCR No. E40439; and Luis M. Muniz, CDCR No. F64896.

90.     On information and belief, a cell-phone video recording captured parts of the incident.

91.     After the July 17, 2017, incident, the RJDCF issued a press release. *See* <https://news.cdcr.ca.gov/news-releases/2017/07/17/richard-j-donovan-correctional-facility-investigating-inmate-attacks-on-correctional-counselor-correctional-officers/>. The press release falsely and inaccurately described the incidents, including how and what events occurred and how various officers and prisoners sustained reported injuries. On information and belief, the press release was issued without any form of an adequate investigation of the underlying incident on which it reported.

92.     On information and belief, involved personnel, including J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50 falsely reported the incidents and injuries resulting from their conduct, in violation of Cal. Pen. Code § 118.1 [false statements in crime reports].

93.     Following the incident, Plaintiffs DEANS, WILLIAMS, and JONES were each falsely charged with assaulting prison staff. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were punished as a result of the charges, including being placed in administrative segregation/"the hole" by Defendants DOE 1 to 50.

94.     On information and belief, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were subject to punishment following the incident either because of their efforts to speak up and prevent the beating of their fellow inmates and/or their efforts to lodge complaints and grievances related to the beatings.

## Obstruction of Grievance Efforts

95.     The CDCR/RJDCF grievance procedure is illusory and Kafkaesque.

96.     Following the July 17, 2017, incident, Plaintiffs MOODY, DEANS, and WILLIAMS were transferred to different and separate CDCR facilities while Plaintiff JONES remained at the RJDCF. On information and belief, Plaintiffs MOODY, DEANS, and WILLIAMS's transfers were conducted with the intent to "break up" the

1  inmates and to thwart and obstruct their efforts to submit and exhaust grievances related

2  to the July 17, 2017, incident.

3      97.    Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's attempts to

4  submit CDCR Form 602 appeals/grievances related to the July 17, 2017, incident have

5  been thwarted and obstructed by numerous and meritless cancellations and rejections by

6  CDCR/RJDCF personnel that have refused to properly process the grievances. To date,

7  Plaintiffs MOODY, DEANS, WILLIAMS, and JONES continue their efforts to

8  "exhaust" the CDCR Form 602 appeal/grievance process, without success.

9      98.    Plaintiff MOODY's transfer from the RJDCF to a different CDCR facility

10  resulted in prison staff "losing" much of his legal paperwork, including CDCR Form

11  602 appeal paperwork prepared by Plaintiff MOODY and associated with the July 17,

12  2017, incident.

13      99.    Plaintiff WILLIAMS CDCR Form 602 appeal/grievance associated with

14  the July 17, 2017, incident was improperly "screened out" by CDCR/RJDCF personnel

15  on the basis that it was "submitted on behalf of another person" when, in fact, it was not.

16      100.   Plaintiff JONES filed his CDCR Form 602 appeal/grievance related to the

17  incident and his resulting injuries. Plaintiff JONES was called into the office of

18  Defendant RODRIGUEZ, a sergeant serving as active lieutenant, along with counselor

19  Smith. Defendant RODRIGUEZ asked Plaintiff JONES if he thought he was a "tough

20  guy" and attempted to intimidate Plaintiff JONES into "withdraw[ing]" the grievance.

21  Plaintiff JONES declined to do so. Subsequently, and on information and belief because

22  of his refusal to withdraw the grievance, Plaintiff JONES spent four months in the hole

23  and, despite the prospect of release from the CDCR's custody in January 2018, had

24  additional time added to his sentence. Plaintiff JONES's personal property was stolen

25  during his time in the hole.

26      101.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES subsequently

27  retained counsel that assisted them with the CDCR Form 602 appeal/grievance process

28  based on the numerous and meritless cancellations and rejections by CDCR/RJDCF

13

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1   personnel. Counsel contacted the CDCR's "Office of Appeals" for the purpose of

2   facilitating the transfer of original grievance documents related to the July 17, 2017,

3   incident. Counsel spoke to a person who answered the phone but refused to provide any

4   information, including names, addressed, or contact information concerning Plaintiffs

5   MOODY, DEANS, WILLIAMS, and JONES's CDCR Form 602 appeal/grievance

6   paperwork. The person insisted that the information was confidential and that she had

7   been instructed not to provide it while, at the same time, audibly laughing while answer

8   every question with the response, "I'm not allowed to tell you." Instead, counsel was

9   routed to an unidentified voice-mailbox where he left a voice-message, never to be

10  returned.

11  **EQUITABLE ALLEGATIONS**

12       102.   On information and belief, unless Defendant PARAMO is directed and

13  mandated to take action against the Green Wall and members thereof, said illegal

14  criminal organization will continue to terrorize the prisoners at the RJDCF and cause

15  further damage and possible death to inmates at the facility. Unless the Green Wall is

16  enjoined from continuing its illegal acts, including smuggling of contraband including

17  drugs and cell phones into the RJDCF and arranging assaults and "hits" by prisoners

18  against other prisoners, such illegal activities will continue with attendant harm to

19  Plaintiff JONES (and Plaintiffs MOODY, DEANS, and WILLIAMS, if transferred back

20  to the facility) and prisoners at the RJDCF.

21  **FIRST CLAIM**

22  **Unreasonable Force**

23  **(Eighth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

24       103.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and

25  JONES against Defendants PARAMO, J. MCGEE, J. SALAZAR, D. RAMOS,

26  ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and

27  DOE 1 to 50.

28       104.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and

14

1   incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant,

2   as if fully set forth in this Claim.

3       105.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

4   HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

5   50, acting or purporting to act in the performance of their official duties as law

6   enforcement officers, personally utilized, failed to intercede and prevent, and/or were

7   integral participants to excessive and unreasonable force against Plaintiffs MOODY,

8   DEANS, WILLIAMS, and JONES, in violation of their rights secured by the Eighth

9   Amendment (as incorporated through the Fourteenth Amendment) of the U.S.

10  Constitution.

11      106.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

12  HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

13  50's actions and inactions were motivated by evil motive or intent, involved reckless or

14  callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's

15  constitutional rights, or were wantonly or oppressively done.

16      107.   As a direct and proximate result of Defendants J. MCGEE, J. SALAZAR,

17  D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I.

18  BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS,

19  WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and

20  punitive damages against Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS,

21  J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

22  50 and declaratory and injunctive relief against Defendant PARAMO.

23      WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for

24  relief as hereunder appears.

25  \ \ \

26  \ \ \

27  \ \ \

28  \ \ \

15

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

## SECOND CLAIM

### Retaliation

### (First Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

108.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants RODRIGUEZ, J. SALAZAR, I. BRAVO, and DOE 1 to 50.

109.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant, as if fully set forth in this Claim.

110.   Defendants RODRIGUEZ, J. SALAZAR, I. BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, personally utilized, failed to intercede and prevent, were integral participants to, and/or attempted to suppress complaints of excessive and unreasonable force against Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, while Plaintiffs MOODY, DEANS, WILLIAMS, and JONES were engaged in constitutionally protected activity, and where Defendants RODRIGUEZ, J. SALAZAR, I. BRAVO, and DOE 1 to 50's intent to inhibit Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's protected activity was a substantial or motivating factor, the action did not reasonably advance a legitimate correctional goal, in violation of their rights secured by the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment to the U.S. Constitution.

111.   Defendants RODRIGUEZ, J. SALAZAR, I. BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's constitutional rights, or were wantonly or oppressively done.

112.   As a direct and proximate result of Defendants RODRIGUEZ, J. SALAZAR, I. BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages.

16

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## THIRD CLAIM

### Conspiracy

### (First and Eighth Amendments of the U.S. Constitution; 42 U.S.C. § 1983)

113.   This Claim is asserted by Plaintiffs DEANS, WILLIAMS, and JONES against Defendants PARAMO, J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50.

114.   Plaintiffs DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant, as if fully set forth in this Claim.

115.   On information and belief, each of Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50 conspired with each other to commit each of the acts alleged herein in violation of Plaintiffs DEANS, WILLIAMS, and JONES's rights secured by the First and Eighth Amendments to the U.S. Constitution, as incorporated through the Fourteenth Amendment to the U.S. Constitution.

116.   Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs DEANS, WILLIAMS, and JONES's constitutional rights, or were wantonly or oppressively done.

117.   As a direct and proximate result of Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages against Defendants J. MCGEE, RODRIGUEZ, J.

17

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1  SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN,

2  AVILA, I. BRAVO, and DOE 1 to 50 and declaratory and injunctive relief against

3  Defendant PARAMO.

4      WHEREFORE, Plaintiffs DEANS, WILLIAMS, and JONES pray for relief as

5  hereunder appears.

### **FOURTH CLAIM**

### **Americans with Disabilities Act**

### **(42 U.S.C. § 12101, *et seq*.)**

9      118.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and

10  JONES against Defendant CDCR.

11     119.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and

12  incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant,

13  as if fully set forth in this Claim.

14     120.   Defendant CDCR is a "public entity" within the meaning of 42 U.S.C. §

15  12131(1)(A) and 28 C.F.R. § 35.104. Plaintiffs MOODY, DEANS, WILLIAMS, and

16  JONES, at all times material herein, had a disability within the meaning of 42 U.S.C. §

17  12102(1) and 28 C.F.R. § 35.104, and were "qualified individual[s] with a disability"

18  within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because each of

19  them met the essential eligibility requirements for the receipt of services or the

20  participation in programs or activities provided by Defendant CDCR, other than the fact

21  that each of them required reasonable modifications to rules, policies, or practices, the

22  removal of barriers, or the provision of auxiliary aids and services.

23     121.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

24  HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

25  50, acting or purporting to act in the performance of their official duties as law

26  enforcement officers, failed reasonably to accommodate Plaintiffs MOODY, DEANS,

27  WILLIAMS, and JONES's disabilities and personally utilized, failed to intercede and

28  prevent, and/or were integral participants to excessive and unreasonable force against

18

them because of their apparent or perceived disabilities and the belief that they could not sufficiently defend themselves or grieve in response, in violation of their rights secured by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

122.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's constitutional and statutory rights, or were wantonly or oppressively done.

123.   As a direct and proximate result of Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive nominal, compensatory, and punitive damages against Defendant CDCR.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## FIFTH CLAIM

### Rehabilitation Act

### (29 U.S.C. § 701, *et seq*.)

124.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendant CDCR.

125.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant, as if fully set forth in this Claim.

126.   Defendant CDCR is a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendant CDCR receives federal financial assistance. Plaintiffs MOODY, DEANS, WILLIAMS, and JONES, at all times material herein, had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and were "qualified individual[s] with a disability" within the meaning of 42

19

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1   U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because each of them met the essential

2   eligibility requirements for the receipt of services or the participation in programs or

3   activities provided by Defendant CDCR, other than the fact that each of them required

4   reasonable modifications to rules, policies, or practices, the removal of barriers, or the

5   provision of auxiliary aids and services.

6       127.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

7   HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

8   50, acting or purporting to act in the performance of their official duties as law

9   enforcement officers, failed reasonably to accommodate Plaintiffs MOODY, DEANS,

10  WILLIAMS, and JONES's disabilities and personally utilized, failed to intercede and

11  prevent, and/or were integral participants to excessive and unreasonable force against

12  them because of their apparent or perceived disabilities and the belief that they could not

13  sufficiently defend themselves or grieve in response, in violation of their rights secured

14  by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

15      128.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

16  HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

17  50's actions and inactions were motivated by evil motive or intent, involved reckless or

18  callous indifference to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's

19  constitutional and statutory rights, or were wantonly or oppressively done.

20      129.   As a direct and proximate result of Defendants J. MCGEE, J. SALAZAR,

21  D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I.

22  BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS,

23  WILLIAMS, and JONES suffered injuries entitling them to receive nominal,

24  compensatory, and punitive damages against Defendant CDCR.

25      WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for

26  relief as hereunder appears.

27  \ \ \

28  \ \ \

20

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

## SIXTH CLAIM

### Declaratory Judgment Act

### (28 U.S.C. § 2201(a))

130.   This Claim is asserted by Plaintiff JONES against Defendant PARAMO.

131.   Plaintiff JONES realleges and incorporates the allegations of the preceding paragraphs 1 to 102, to the extent relevant, as if fully set forth in this Claim.

132.   There presently exists an actual controversy between the parties regarding the existence and permitted operation of the Green Wall at the RJDCF. Plaintiff JONES is informed and believe, and thereupon allege, that the Green Wall's illegal criminal organization will continue to terrorize the prisoners at the RJDCF and cause further damage and possible death to inmates at the facility, unless Defendant PARAMO is directed and mandated to take action against the Green Wall and members thereof. This controversy requires a declaration from this Court as to the rights of the respective parties, and the lawfulness of Defendant PARAMO's actions and inactions.

133.   As a direct and proximate result of Defendant PARAMO's actions and inactions, Plaintiff JONES suffered and likely will continue to suffer injuries entitling him to receive declaratory and injunctive relief against Defendant PARAMO.

WHEREFORE, Plaintiff JONES prays for relief as hereunder appears.

## SEVENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1)

134.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50.

135.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant, as if fully set forth in this Claim.

21

136.   Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally interfered with and/or were deliberately or recklessly indifferent to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES's rights secured by the Eighth and First Amendments (as incorporated through the Fourteenth Amendment) of the U.S. Constitution; by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.; by the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.; and by art. I, § 17 of the California Constitution.

137.   Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

138.   As a direct and proximate result of Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages and statutory penalties.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## EIGHTH CLAIM

### Assault/Battery

139.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50.

140.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant,

22

1   as if fully set forth in this Claim.

2       141.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

3 HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

4 50, acting or purporting to act in the performance of their official duties as law

5 enforcement officers, intentionally and personally touched or gave substantial assistance

6 or encouragement in touching or threatened to touch Plaintiffs MOODY, DEANS,

7 WILLIAMS, and JONES, without consent, and that touching or threat of touching

8 constituted unreasonable and excessive force.

9       142.   Defendants J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J.

10 HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

11 50's actions and inactions constituted oppression, fraud, or malice resulting in great

12 harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

13       143.   As a direct and proximate result of Defendants J. MCGEE, J. SALAZAR,

14 D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I.

15 BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS,

16 WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and

17 punitive damages.

18       WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for

19 relief as hereunder appears.

20 **NINTH CLAIM**

21 **Intentional Infliction of Emotional Distress**

22       144.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and

23 JONES against Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS,

24 ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and

25 DOE 1 to 50.

26       145.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and

27 incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant,

28 as if fully set forth in this Claim.

146.   Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct (including violations of Cal. Pen. Code §§ 118.1, 147, and 149) and, as a result of that outrageous conduct, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES did suffer severe emotional distress.

147.   Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

148.   As a direct and proximate result of Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for relief as hereunder appears.

## TENTH CLAIM

### Negligence

149.   This Claim is asserted by Plaintiffs MOODY, DEANS, WILLIAMS, and JONES against Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to 50.

150.   Plaintiffs MOODY, DEANS, WILLIAMS, and JONES reallege and incorporate the allegations of the preceding paragraphs 1 to 102, to the extent relevant, as if fully set forth in this Claim.

151.   Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and

24

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1  DOE 1 to 50, acting or purporting to act in the performance of their official duties as law

2  enforcement officers, owed Plaintiffs MOODY, DEANS, WILLIAMS, and JONES a

3  duty of care and breached that duty.

4       152.   Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS,

5  ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and

6  DOE 1 to 50's actions and inactions constituted oppression, fraud, or malice resulting in

7  great harm to Plaintiffs MOODY, DEANS, WILLIAMS, and JONES.

8       153.   As a direct and proximate result of Defendants J. MCGEE, RODRIGUEZ,

9  J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J.

10  DURAN, AVILA, I. BRAVO, and DOE 1 to 50's actions and inactions, Plaintiffs

11  MOODY, DEANS, WILLIAMS, and JONES suffered injuries entitling them to receive

12  compensatory and punitive damages.

13       WHEREFORE, Plaintiffs MOODY, DEANS, WILLIAMS, and JONES pray for

14  relief as hereunder appears.

15  **PRAYER FOR RELIEF**

16       WHEREFORE, Plaintiffs RONNIE L. MOODY, GARY T. DEANS, BILLY

17  R. WILLIAMS, and DONNEL E. JONES seek Judgment as follows:

18       1.   For an award of compensatory, nominal, general, and special damages

19  against Defendants CDCR, J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS,

20  ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and

21  DOE 1 to 50, according to proof at trial;

22       2.   For an award of exemplary/punitive damages under federal law against

23  Defendants CDCR, J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS, ADAMS, J.

24  HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOE 1 to

25  50, in an amount sufficient to deter and to make an example of them, because their

26  actions and/or inactions, as alleged, were motivated by evil motive or intent, involved

27  reckless or callous indifference to the federally protected rights of Plaintiffs MOODY,

28  DEANS, WILLIAMS, and JONES, or were wantonly or oppressively done; and under

1   state law against Defendants J. MCGEE, RODRIGUEZ, J. SALAZAR, D. RAMOS,

2   ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and

3   DOE 1 to 50 because their actions and/or inactions, as alleged, constituted oppression,

4   fraud, or malice resulting in great harm to Plaintiffs MOODY, DEANS, WILLIAMS,

5   and JONES;

6       3.      For prospective declaratory and injunctive relief against Defendant

7   PARAMO, to enjoin ongoing and continuous violations of rights;

8       4.      For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1, and

9   any other statute as may be applicable;

10      5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C.

11  § 1988, 42 U.S.C. § 12205, 29 U.S.C. § 794, Cal. Civ. Code § 52.1, Cal. Code Civ.

12  Proc. § 1021.5, and any other statute as may be applicable; and

13      6.      For an award of any other further relief, as the Court deems fair, just, and

14  equitable.

15  Dated: September 26, 2019          Respectfully Submitted,

16

17

18                                     By: _____

19                                         Mark E. Merin
                                           Paul H. Masuhara
20                                         LAW OFFICE OF MARK E. MERIN
                                           1010 F Street, Suite 300
21                                         Sacramento, California 95814
                                           Telephone: (916) 443-6911
22                                         Facsimile: (916) 447-8336

23                                         Attorneys for Plaintiffs
                                           RONNIE L. MOODY, GARY T. DEANS,
24                                         BILLY R. WILLIAMS, and DONNEL E. JONES

25

26

27

28

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

1

## JURY TRIAL DEMAND

2

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs RONNIE L. MOODY,

3

GARY T. DEANS, BILLY R. WILLIAMS, and DONNEL E. JONES.

4

Dated: September 26, 2019          Respectfully Submitted,

5

6

7

By: _____

8

Mark E. Merin
Paul H. Masuhara

9

LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300

10

Sacramento, California 95814
Telephone: (916) 443-6911

11

Facsimile: (916) 447-8336

12

Attorneys for Plaintiffs
RONNIE L. MOODY, GARY T. DEANS,

13

BILLY R. WILLIAMS, and DONNEL E. JONES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS