1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:  (916) 443-6911
4  Facsimile:  (916) 447-8336
   E-Mail:      mark@markmerin.com
5              paul@markmerin.com
6
7  Attorneys for Plaintiffs
   RONNIE L. MOODY, GARY T. DEANS,
8  BILLY R. WILLIAMS, and DONNEL E. JONES
9
10            UNITED STATES DISTRICT COURT
11           SOUTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  RONNIE L. MOODY, et al., | Case No. 3:18-cv-01110-WQH-AGS |
| 14              Plaintiffs, | **PLAINTIFFS' RESPONSES AND** |
| 15  vs. | **OBJECTIONS TO DEFENDANTS'** |
| | **STATEMENT OF UNDISPUTED** |
| 16  CALIFORNIA DEPARTMENT OF | **MATERIAL FACTS** |
| 17  CORRECTIONS AND REHABILITATION, et al., | |
| 18              Defendants. | |

19
20            I.    **INTRODUCTION**

21       Plaintiffs Gary T. Deans and Donnel E. Jones (collectively, "Plaintiffs") submit

22  the following responses and objections to Defendants California Department of

23  Corrections and Rehabilitation ("CDCR"), Daniel Paramo/Marcus Pollard, J. McGee, J.

24  Salazar, D. Ramos, J. Herrera, W. Edrozo, E. Cruz, J. Duran, and I. Bravo's

25  (collectively, "Defendants") statement of undisputed material facts (ECF No. 56-1

26  [UMF]) in support the motion for summary judgment (ECF No. 56 [MSJ]).

27       There are numerous objections that Plaintiffs could—and would—assert in

28  response to nearly *every* alleged "undisputed material fact" identified in Defendants'

1

statement of undisputed material facts. For example, most of the facts identified by Defendants as "material" facts are not, in fact, "material." *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). However, a court need not separately address each evidentiary objection in order to resolve a motion for summary judgment, where objections to evidence on the grounds that it is irrelevant, speculative, argumentative, or that it constitutes an improper legal conclusion, is duplicative of the summary judgment standard itself. *See, e.g.*, *Holt v. Noble House Hotels & Resort, Ltd.*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019); *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1123 (E.D. Cal. 2006). To the extent that "[d]efects in evidence submitted in opposition to a motion for a summary judgment are waived 'absent a motion to strike or other objection,'" *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) (quoting *Scharf v. U.S. Attorney Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979)), Plaintiffs seek to preserve all proper and valid objections while, at the same time, avoiding "[i]nundating the [C]ourt with detailed evidentiary objections," *Burch*, 433 F. Supp. 2d at 1118.

## II.   RESPONSES AND OBJECTIONS TO STATEMENT OF UNDISPUTED MATERIAL FACTS

| DEFENDANTS' UNDISPUTED MATERIAL FACTS & SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSES & OBJECTIONS |
|---|---|
| 1.  Jones sued Warden Daniel Paramo in his official capacity for injunctive and declaratory relief.<br><br>(First Am. Compl., ECF No. 48, ¶8, Prayer, ¶3.) | Undisputed.<br><br>Pursuant to Fed. R. Civ. P. 25(d), Defendant Marcus Pollard was "automatically substituted" in the place of Defendant Daniel Paramo "as a party" to this action, when he assumed the |

| | | |
|---|---|---|
| | | duties as Warden of Richard J. Donovan Correctional Facility ("RJDCF"). |
| 2. | Daniel Paramo is no longer the warden at R.J. Donovan Correctional Facility.<br><br>(Declaration of Daniel Paramo in Support of Motion for Summary Judgment (Paramo Decl.) ¶2.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). |
| 3. | The current warden, Marcus Pollard, requires all custody employees to undergo training on the use of force, including alarm response, use of chemical weapons, and use of batons, among things.<br><br>(Declaration of Marcus Pollard in Support of Motion for Summary Judgment (Paramo Decl.) ¶8.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. Compliance with the law—*i.e.*, POST-training requirements—is neither dispositive nor necessarily relevant. *See, e.g., Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 983 (E.D. Cal. 2017); *Reed v. City of Modesto*, 2015 U.S. Dist. LEXIS 54086, at *25 (E.D. Cal. Apr. 24, 2015); *L.M. v. City of Redding*, 2017 U.S. Dist. LEXIS 187400, at *14-16 (E.D. Cal. Nov. 9, 2017); *Wroth v. City of Rohnert Park*, 2019 U.S. Dist. LEXIS 68068, at *40 (N.D. Cal. Apr. 22, 2019) ("[T]he mere fact that officers complied with POST requirements does not relieve [the |

**PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

| | | public entity] of its constitutional obligations if that training was inadequate."). |
|---|---|---|
| 4. | Warden Pollard reviews all uses of force by officers as the chairman of the Institutional Executive Review Committee.<br><br>(Pollard Decl. ¶2.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. A supervisor's review and approval of a subordinate's unlawful use of force may give rise to a "policy or custom" claim against the employer-public entity. *See, e.g., Gomez v. Vernon*, 255 F.3d 1118, 1126-27 (9th Cir. 2001); *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986). |
| 5. | Warden Pollard refers to the Office of Internal Affairs all allegations of excessive force and retaliation that, if true, could be the basis of adverse action.<br><br>(Pollard Decl. ¶6.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |
| 6. | Warden Pollard has disciplined and terminated officers for excessive force or failing to report excessive force by other officers.<br><br>(Pollard Decl. ¶5.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |

4

| | | |
|---|---|---|
| 7. | Plaintiff Jones claims Defendants Edrozo and Cruz used excessive force against him on July 17, 2020.<br><br>(First Am. Compl., ¶¶71-72.) | Undisputed. |
| 8. | Jones believes the officers used excessive force because Plaintiff Moody attacked Correctional Counselor Fuerte.<br><br>(Deposition of Donnel Jones taken June 10, 2019, attached as Exhibit 3 to the Declaration of Christopher H. Findley (Jones Dep.) at 94:13-17.) | **Disputed**.<br><br>Plaintiff Jones believes the officers used excessive force against him because he was perceived by officers as protesting the officers' use of excessive force against Plaintiff Moody. (Declaration of Mark E. Merin ("Merin Decl."), Ex. A [Deans Depo.] at 31:24-32:2 & 73:7-75:16;  Ex. B [Jones Depo.] at 25:23-26:19.) Later, a RJDCF sergeant attempted to intimidate Plaintiff Jones into withdrawing his CDCR Form 602 appeal related to the incident. (Declaration of Donnel E. Jones ("Jones Decl.") at ¶¶4-6.) |
| 9. | Jones had not filed a prison appeal or a lawsuit before the incident on July 17, 2017.<br><br>(Jones Dep. at 94:22-95:5.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |

| | | |
|---|---|---|
| 10. | None of the officers mentioned prison appeals or lawsuits to Jones on the day of the incident.<br><br>(Jones Dep. at 95:18-21.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |
| 11. | The Court dismissed Plaintiff Deans's retaliation claim with prejudice.<br><br>(ECF No. 55 at 15.) | Undisputed. |
| 12. | Jones cannot provide any evidence that he engaged in protected activity, which is necessary to support his retaliation claim.<br><br>(Undisputed Facts, Nos. 9-11.) | **Disputed**.<br><br>Plaintiff Jones submitted a CDCR Form 602 appeal related to the July 17, 2017, incidents. (ECF No. 56-3 at 37 [Jones Depo.] & 50-53 [602 Appeal].) Thereafter, Plaintiff Jones was subject to intimidation by supervisory staff, placed in administrative segregation, and his release from prison delayed. (Jones Decl., ¶6.) Placement in administrative segregation constitutes an adverse action forming the basis of a retaliation claim. *See Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). "[A] corrections officer may not retaliate against a prisoner for exercising his First |

6

| | | |
|---|---|---|
| | | Amendment right to report staff misconduct." *Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). |
| 13. | Jones failed to exhaust his administrative remedies on his retaliation claim.<br><br>(Undisputed Facts, Nos. 21-25.) | **Disputed**.<br><br>Plaintiff Jones did not have an available administrative remedy to exhaust, where Plaintiff Jones was subject to "intimidation" by Sgt. Rodriguez when he submitted his grievance concerning the July 17, 2017, incidents and, later, severely punished. (Jones Decl., ¶¶4-6.) "The text of the PLRA requires that a prisoner exhaust *available* remedies before bringing an action related to prison conditions." *Mills v. Mitchell*, No. 18-15531, 2020 U.S. App. LEXIS 3850, at *1 (9th Cir. Feb. 6, 2020). Accordingly, "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quotation marks omitted). "Despite being officially |

7

| | | | |
|---|---|---|---|
| | | | available to an inmate, an administrative remedy is not capable of use to obtain relief … 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Mills*, 2020 U.S. App. LEXIS 3850, at *2 (quoting *Ross*, 136 S. Ct. at 1859-60). |
| 14. | Jones is required to exhaust administrative remedies before bringing suit. (42 U.S.C. § 1997e(a).) | | **Disputed**. Plaintiff Jones was only required to "exhaust *available* remedies before bringing an action related to prison conditions" under federal law. *See Mills*, 2020 U.S. App. LEXIS 3850, at *1 (citing *Ross*, 136 S. Ct. at 1859). |
| 15. | Jones did not file an appeal against Warden Paramo. (Jones Dep. at 67:17-25.) | | Undisputed that Plaintiff Jones did not file an appeal against Defendant Paramo in his <u>individual</u> capacity. **Disputed** that Plaintiff Jones did not file an appeal against Defendant Paramo in his <u>official</u> capacity. (ECF No. 56-3 at 37 [Jones Depo.] & 50-53 [602 Appeal].) Plaintiff Jones appeal states: "every one of the officers has more than one staff attack on their [record] because thay |

8

| | | dump on inmates and then chard them with a staff asalt." (ECF No. 56-3 at 52 [602 Appeal] (*sic* throughout).) Under 42 U.S.C. § 1983, "a State cannot be sued directly in its own name regardless of the relief sought." *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). The "official-capacity" pleading device permits "actions for prospective relief" but "are not treated as actions against the State," *see id.*—even though such an action is, for all practical purposes, "equivalent to a suit against the governmental entity itself." *Gomez*, 255 F.3d at 1126. As a result, the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation" is insignificant, so long as the plaintiff identifies the "law or policy challenged as a constitutional violation" and "name[s] the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). |
| 16. | Jones's Appeal Log No. RJD-C-17-4303 did not allege that the Warden | **Disputed**. |

| | | | |
|---|---|---|---|
| | | permitted a custom or policy of excessive force, retaliation, or conspiracy.<br><br>(Jones Dep., Ex. 1, attached as Exhibit 4 to the Declaration of Christopher H. Findley.) | Plaintiff Jones appeal states: "every one of the officers has more than one staff attack on their [record] because thay dump on inmates and then chard them with a staff asalt." (ECF No. 56-3 at 52 [602 Appeal] (*sic* throughout).) The nature of Plaintiff Jones's grievance is clear: this is not an isolated incident—all officers at RJDCF attack inmates and then fabricate staff assault charges against the inmates. In other words, this is not merely an individualized problem. Rather, RJDCF personnel's misconduct is so pervasive that "every one of the officers" has engaged in such misconduct. This is the essence of a "policy or custom" allegation. *See*, *e.g.*, *Gomez*, 255 F.3d at 1127; *McRorie*, 795 F.2d at 784. |
| 17. | | Jones's Appeal Log No. RJD-B-17-6273, did not allege that the warden permitted a custom or policy of excessive force, retaliation, or conspiracy.<br><br>(Jones Dep., Ex. 2, attached as Exhibit 5 to the Declaration of Christopher H. Findley.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |

| | | | |
|---|---|---|---|
| 18. | Jones filed a medical appeal, which he did not pursue through the third level of appeal after receiving the medication he requested.<br><br>(Jones Dep. at 64:12-65:13.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |
| 19. | Other than the three appeals listed above, Jones did not file any other prison appeals related to the incident on July 17, 2017.<br><br>(Jones Dep. at 65:14-19.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |
| 20. | Jones is required to exhaust administrative remedies before bringing suit.<br><br>(42 U.S.C. § 1997e(a).) | **Disputed**.<br><br>Plaintiff Jones was only required to "exhaust *available* remedies before bringing an action related to prison conditions" under federal law. *See Mills*, 2020 U.S. App. LEXIS 3850, at *1 (citing *Ross*, 136 S. Ct. at 1859). |
| 21. | Jones's Appeal Log No. RJD-C-17-4303 did not allege retaliation.<br><br>(Jones Dep., Ex. 1, attached as Exhibit 4 to the Declaration of Christopher H. Findley.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. Plaintiff Jones was only required to "exhaust *available* remedies before bringing an action related to prison |

| | | conditions" under federal law. *See Mills*, 2020 U.S. App. LEXIS 3850, at *1 (citing *Ross*, 136 S. Ct. at 1859). |
|---|---|---|
| 22. | Jones's Appeal Log No. RJD-B-17-6273 did not allege retaliation.<br><br>(Jones Dep., Ex. 2, attached as Exhibit 5 to the Declaration of Christopher H. Findley.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. Plaintiff Jones was only required to "exhaust *available* remedies before bringing an action related to prison conditions" under federal law. *See Mills*, 2020 U.S. App. LEXIS 3850, at *1 (citing *Ross*, 136 S. Ct. at 1859). |
| 23. | Jones filed a medical appeal, which he did not pursue through the third level of appeal after receiving the medication he requested.<br><br>(Jones Dep. at 64:12-65:13.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |
| 24. | Other than the three appeals listed above, Jones did not file any other prison appeals related to the incident on July 17, 2017.<br><br>(Jones Dep. at 65:14-19.) | Undisputed.<br><br>Objection: Immaterial, irrelevant. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630. |

1

Dated: April 6, 2020

2

3

4

5

6

7

8

9

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

By: _____
Mark E. Merin
Paul H. Masuhara

Attorneys for Plaintiffs
RONNIE L. MOODY, GARY T. DEANS,
BILLY R. WILLIAMS, and DONNEL E. JONES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS