1   Mark E. Merin (State Bar No. 043849)
    Paul H. Masuhara (State Bar No. 289805)
2   LAW OFFICE OF MARK E. MERIN
3   1010 F Street, Suite 300
    Sacramento, California 95814
4   Telephone:  (916) 443-6911
    Facsimile:  (916) 447-8336
5   E-Mail:      mark@markmerin.com
                 paul@markmerin.com
6
7   Attorneys for Plaintiffs
    RONNIE L. MOODY, GARY T. DEANS,
8   BILLY R. WILLIAMS, and DONNEL E. JONES
9
10                  UNITED STATES DISTRICT COURT
11                 SOUTHERN DISTRICT OF CALIFORNIA
12
13  RONNIE L. MOODY, et al.,                Case No. 3:18-cv-01110-WQH-AGS
14                  Plaintiffs,
                                            **PLAINTIFFS' SEPARATE
15  vs.                                     STATEMENT OF DISPUTED
                                            MATERIAL FACTS**
16  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION,
17  et al.,
18                  Defendants.
19
20                  I.    **INTRODUCTION**
21      Plaintiffs Gary T. Deans and Donnel E. Jones (collectively, "Plaintiffs") submit

22  the following separate statement of disputed material facts to Defendants California

23  Department of Corrections and Rehabilitation ("CDCR"), Daniel Paramo/Marcus

24  Pollard, J. McGee, J. Salazar, D. Ramos, J. Herrera, W. Edrozo, E. Cruz, J. Duran, and I.

25  Bravo's (collectively, "Defendants") motion for summary judgment (ECF No. 56

26  [MSJ]).

27  \ \ \

28  \ \ \

## II.   SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS

| PLAINTIFFS' DISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On July 17, 2017, Plaintiff Gary T. Deans was outside of his cell, heading to the line for "pill call," when he heard an alarm sound. | Declaration of Mark E. Merin ("Merin Decl."), Ex. A [Deans Depo.] at 29:5-21 & 34:25-35:9. |
| 2. Plaintiff Deans could not see the cause of the alarm but saw that staff ran outside of the room in response. | Merin Decl., Ex. A [Deans Depo.] at 29:5-25. |
| 3. Counselor Fuerte closed the door to his office in Plaintiff Moody's face, while Plaintiff Moody was proned-out on the ground. | Merin Decl., Ex. A [Deans Depo.] at 30:1-5 & 39:14-40:14. |
| 4. Plaintiff Moody got up, went into counselor Fuerte's office, and punched him. | Merin Decl., Ex. A [Deans Depo.] at 30:6-8 & 42:22-43:16. |
| 5. Counselor Fuerte exited his office and signaled to the guards to activate the alarm. | Merin Decl., Ex. A [Deans Depo.] at 30:9-14. |
| 6. Counselor Fuerte fell to the ground and Plaintiff Moody punched him. | Merin Decl., Ex. A [Deans Depo.] at 47:4-20. |
| 7. The officer on the guard tower fired a shot from a block gun at Plaintiff Moody. | Merin Decl., Ex. A [Deans Depo.] at 30:15-23 & 48:4-49:5. |
| 8. The shot fired hit counselor Fuerte in the face. | Merin Decl., Ex. A [Deans Depo.] at 49:6-11. |

2

| 9. | Several officers entered the room. | Merin Decl., Ex. A [Deans Depo.] at 50:5-18. |
|---|---|---|
| 10. | Officers applied pepper-spray to Plaintiff Moody's face, one officer—possibly Defendant J. Salazar—hit him with a baton, and then handcuffs were applied to Plaintiff Moody's arms. | Merin Decl., Ex. A [Deans Depo.] at 30:24-31:5, 62:12-23 & 64:3-5. |
| 11. | Plaintiff Moody was lying face-down on the ground. | Merin Decl., Ex. A [Deans Depo.] at 65:12-19. |
| 12. | Defendant J. McGee, a sergeant, came running into the room and kicked Plaintiff Moody in the face. | Merin Decl., Ex. A [Deans Depo.] at 30:24-31:5 & 67:6-19. |
| 13. | Another officer hit Plaintiff Moody with a baton. | Merin Decl., Ex. A [Deans Depo.] at 30:24-31:6 & 68:2-10. |
| 14. | Plaintiff Deans called out that it was not right for the officers to attack a defenseless inmate and that he would write-up the officers. | Merin Decl., Ex. A [Deans Depo.] at 75:4-18. |
| 15. | Many officers entered the room but then they all went outside, leaving the inmates unsupervised. | Merin Decl., Ex. A [Deans Depo.] at 31:10-14 & 69:18-70:20. |
| 16. | The officers returned to the room about a minute later and told inmates to return to their cells. | Merin Decl., Ex. A [Deans Depo.] at 31:14-19 & 70:18-71:25. |
| 17. | Plaintiff Deans was walking back to his cell when Defendant J. Salazar | Merin Decl., Ex. A [Deans Depo.] at 72:22-24 & 74:19-23. |

3

| | | told him to "come this way." | |
|---|---|---|---|
| | 18. | Plaintiff Deans came towards Defendant J. Salazar, with the aid of his cane. | Merin Decl., Ex. A [Deans Depo.] at 76:11-78:11. |
| | 19. | Defendant J. Salazar sucker-punched Plaintiff Deans in the face with his closed fist, breaking his eye-glasses. | Merin Decl., Ex. A [Deans Depo.] at 31:19-20 & 78:12-19. |
| | 20. | Plaintiff Deans fell to the ground, unconscious from Defendant J. Salazar's blow. | Merin Decl., Ex. A [Deans Depo.] at 31:21 & 78:20-24. |
| | 21. | .Plaintiff Deans regained consciousness and had handcuffs applied to his arms. | Merin Decl., Ex. A [Deans Depo.] at 79:13-17. |
| | 22. | An officer had a knee pressed into Plaintiff Deans's back. | Merin Decl., Ex. A [Deans Depo.] at 31:21-23 & 79:18-21. |
| | 23. | Plaintiff Deans could hear other inmates protesting the officers' attacks, as he lay on the ground. | Merin Decl., Ex. A [Deans Depo.] at 31:24-32:2. |
| | 24. | Plaintiff Deans was taken to the gym and placed in a holding cell, before being taken to administrative segregation. | Merin Decl., Ex. A [Deans Depo.] at 81:21-82:22. |
| | 25. | On July 17, 2017, Plaintiff Donnel E. Jones was outside of his cell, standing in line for "pill call," when he heard an alarm sound. | Merin Decl., Ex. B [Jones Depo.] at 19:3-20:10. |

4

| 26. | Plaintiff Jones was ordered to sit down, on the ground, and he complied. | Merin Decl., Ex. B [Jones Depo.] at 19:10-20:2. |
|---|---|---|
| 27. | Plaintiff Jones heard movement, including the sound of moving furniture, but did not see the altercation giving rise to the alarm. | Merin Decl., Ex. B [Jones Depo.] at 21:4-22:8. |
| 28. | Plaintiff Jones heard the sound of a block gun being fired. | Merin Decl., Ex. B [Jones Depo.] at 24:23-25:11. |
| 29. | Plaintiff Jones heard officers entering through the sally port. | Merin Decl., Ex. B [Jones Depo.] at 25:15-20. |
| 30. | Plaintiff Jones heard inmates yelling, including Plaintiff Billy R. Williams: "He yelled something like 'What are you guys doing? Hey, I'm Inmate,' and he said his CDC number, 'and if you need a witness on what they're doing, I'm in cell' -- the cell -- he said his cell number." | Merin Decl., Ex. B [Jones Depo.] at 25:23-26:19. |
| 31. | Some time later, an officer ordered the inmates on the ground to go back to their cells. | Merin Decl., Ex. B [Jones Depo.] at 27:21-28:3. |
| 32. | Plaintiff Jones stood up and began to walk towards his cell, as instructed. | Merin Decl., Ex. B [Jones Depo.] at 28:4-9. |
| 33. | Plaintiff Jones saw Plaintiff Deans, who was about 10 feet away from him, hit by Defendant J. Salazar. | Merin Decl., Ex. B [Jones Depo.] at 30:16-33:8. |

5

| 34. | Plaintiff Jones saw Plaintiff Deans fall to the ground, after being hit. | Merin Decl., Ex. B [Jones Depo.] at 33:9-10. |
|---|---|---|
| 35. | Plaintiff Jones tried to get as far away from Defendant J. Salazar as possible but was attacked as he walked past the tunnel, towards his cell. | Merin Decl., Ex. B [Jones Depo.] at 30:10-12 & 33:15-23. |
| 36. | Plaintiff Jones was about one-step past the sally port when he was ambushed by multiple officers, his hair was grabbed from behind, and his head slammed to the concrete ground. | Merin Decl., Ex. B [Jones Depo.] at 34:5-25 & 35:15-25. |
| 37. | Defendant E. Cruz then got on top of Plaintiff Jones's back, grabbed his arms, and twisted his arms behind his back, causing his right arm to "pop" or "snap." | Merin Decl., Ex. B [Jones Depo.] at 35:3-9. |
| 38. | Plaintiff Jones elbow was dislocated by Defendant E. Cruz's twisting. | Merin Decl., Ex. B [Jones Depo.] at 41:12-42:3. |
| 39. | Another officer had his knee pressed against Plaintiff Jones's face, pinning his head to the ground. | Merin Decl., Ex. B [Jones Depo.] at 35:15-25. |
| 40. | Defendant E. Cruz told Plaintiff Jones: "Stay still mother fucker." | Merin Decl., Ex. B [Jones Depo.] at 35:10-14. |
| 41. | Plaintiff Jones told Defendant E. Cruz that his twisting was breaking his arm. | Merin Decl., Ex. B [Jones Depo.] at 35:10-25. |
| 42. | Defendant E. Cruz applied handcuffs to Plaintiff Jones's arms. | Merin Decl., Ex. B [Jones Depo.] at 36:18-19 |

6

| 43. | Plaintiff Jones was taken to the gym, placed in a holding cell, and then, approximately an hour later, taken to the hospital. | Merin Decl., Ex. B [Jones Depo.] at 39:8-40:6. |
|---|---|---|
| 44. | Plaintiff Jones's right arm was placed in a half-molded cast, wrapped, and put in a sling, the day after the attack. | Merin Decl., Ex. B [Jones Depo.] at 46:5-47:2. |
| 45. | Plaintiff Jones was required to wear the cast for a couple of months. | Merin Decl., Ex. B [Jones Depo.] at 47:21-25. |
| 46. | Plaintiff Jones prepared and submitted a CDCR Form 602 appeal concerning the attack. | Declaration of Donnel E. Jones ("Jones Decl.") at ¶3; Merin Decl., Ex. B [Jones Depo.] at 57:1-58:6; *see also* ECF No. 56-3 at pp. 50-53 [602 Appeal]. |
| 47. | Plaintiff Jones stated in his 602 appeal: "every one of the officers has more than one staff attack on their [record] because thay dump on inmates and then chard them with a staff asalt." | ECF No. 56-3 at p. 52 [602 Appeal]. |
| 48. | Plaintiff Jones exhausted his 602 appeal through the three levels of CDCR review. | Merin Decl., Ex. B [Jones Depo.] at 65:20-67:5. |
| 49. | Shortly after submitting the 602 appeal, Plaintiff Jones was called into the office of a RJDCF sergeant, who was serving as an active lieutenant. | Jones Decl. at ¶4. |
| 50. | A CDCR counselor was also present | Jones Decl. at ¶4. |

| | | |
|---|---|---|
| | in the office. | |
| 51. | During the meeting, the sergeant asked Plaintiff Jones if he thought he was a "tough guy" and asked Plaintiff Jones to "withdraw" his 602 appeal. | Jones Decl. at ¶5. |
| 52. | Plaintiff Jones declined, though, he was intimidated by the encounter and felt discouraged from pursuing his 602 appeal. | Jones Decl. at ¶5. |
| 53. | Subsequently, Plaintiff Jones was required to spend about four months in the "hole" or administrative segregation. | Jones Decl. at ¶6. |
| 54. | Defendant Paramo "personally reviewed all reports of a use of force," including the reports in this case, and determined that his "officers used appropriate force" against Plaintiffs. | ECF No. 56-4 [Paramo Decl.] at 2:6-15 [¶4] & 3:12-22 [¶9]. |
| 55. | Plaintiff Jones spoke with Defendant Daniel Paramo after he was released from administrative segregation. | Merin Decl., Ex. B [Jones Depo.] at 50:25-51:21. |
| 56. | Defendant Paramo personally told Plaintiff Jones: "the officers don't do anything that you're saying that they're doing." | Merin Decl., Ex. B [Jones Depo.] at 51:16-21 & 52:16-53:3. |

8

**PLAINTIFFS' SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

Dated: April 6, 2020

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

By: _____
    Mark E. Merin
    Paul H. Masuhara

     Attorneys for Plaintiffs
     RONNIE L. MOODY, GARY T. DEANS,
     BILLY R. WILLIAMS, and DONNEL E. JONES

**PLAINTIFFS' SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS