Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:       mark@markmerin.com
                 paul@markmerin.com

Attorneys for Plaintiffs
RONNIE L. MOODY, GARY T. DEANS,
BILLY R. WILLIAMS, and DONNEL E. JONES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. MOODY, et al., <br> Plaintiffs, <br> vs. <br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., <br> Defendants. | Case No. 3:18-cv-01110-WQH-AGS <br><br> **DECLARATION OF DONNEL E. JONES** |

I, Donnel E. Jones, do declare and say:

1. I am a Plaintiff in the above-referenced matter. I make this declaration in opposition to Defendants' motion for summary judgment.

2. I am a prisoner at the Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California. My CDCR number is E64009. I was a prisoner at the RJDCF at the time that the incidents giving rise to this lawsuit occurred on July 17, 2017, and have been a prisoner at the RJDCF continuously since that date to present.

3. After the July 17, 2017, incident giving rise to this lawsuit occurred, I prepared and submitted a CDCR Form 602 appeal at the RJDCF.

1

**DECLARATION OF DONNEL E. JONES**
*Moody v. Cal. Dept' of Corr. & Rehab.*, U.S. District Court, S.D. Cal., Case No. 3:18-cv-01110-WQH-AGS

4. Shortly after submitting my 602 appeal, I was called into the office of a RJDCF sergeant, who was serving as an active lieutenant. A CDCR counselor was also present in the office. I believe that the name of the sergeant was "Rodriguez" and that the name of the counselor was "Smith."

5. During the meeting, Sgt. Rodriguez asked me if I thought I was a "tough guy." Sgt. Rodriguez asked me to "withdraw" my 602 appeal. I declined to do so. However, I was intimidated by the encounter with Sgt. Rodriguez and counselor Smith and I felt discouraged from pursuing my 602 appeal as a result of the meeting.

6. Subsequent to the filing of my 602 appeal and my meeting with Sgt. Rodriguez and counselor Smith, I was required to spend about four months in the "hole." Before being sentenced to the "hole," I had a prospective release date from prison in January 2018. However, additional time was added to my sentence, preventing my scheduled release. Additionally, my personal property was stolen during my time in the "hole."

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 3-19-20, 2020, at San Diego, California.

_____
Donnel E. Jones