UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronnie L. MOODY, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-1110-WQH-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' SUMMARY-JUDGMENT MOTION (ECF 56)** |

Four inmates claim that prison guards attacked them. They sued prison officials for excessive force and other claims. Although defendants do not challenge the excessive-force claims, they move for summary judgment on some ancillary causes of action.

## BACKGROUND

On July 17, 2017, Ronnie Moody, Gary Deans, Billy Williams, and Donnel Jones were inmates at the Richard J. Donovan Correctional Facility when a physical altercation erupted between Moody and a counselor that soon became a melee. (ECF 48, at 6.) As a result, Moody, Deans, Williams, and Jones were injured. (*Id.* at 7, 9-11.)

After the incident, plaintiffs filed prison grievances (*id.* at 12-14), and later sued prison officials for civil-rights violations under 42 U.S.C. § 1983. Plaintiffs alleged that Daniel Paramo—the Warden at the time—and his correction officers ran a "Mafia-like prison gang" called the "Green Wall." (*Id.* at 4-5.) The Green Wall, according to plaintiffs,

1

engaged in "staff-on-prisoner violence" and other unlawful activity. (*Id.* at 4.) Plaintiffs claim defendants used unreasonable force during the July 17, 2017 incident, obstructed subsequent grievance efforts, and retaliated against plaintiffs for filing those grievances, among other allegations. (*Id.* at 14-25.) Defendants move for summary judgment on some of these claims.

## DISCUSSION

If the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," the Court must grant summary judgment. Fed. R. Civ. P. 56(a). Dispute over a material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the facts and draw all reasonable inferences "in the light most favorable to the party opposing the [summary-judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**A.     Jones's Retaliation Claim**

Defendants seek summary judgment on plaintiff Jones's retaliation claims against Bravo, Salazar, and Paramo. But by his own admission, Jones has no retaliation claim against these defendants. (*See* ECF 59, at 20 ("Plaintiff Jones agrees that his retaliation claim is alleged solely against Defendant Rodriguez.").) The Court accepts Jones's representation on the extent of his claim. "[T]he plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue . . . ." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (citation omitted). Thus, defendants' summary-judgment motion on Jones's retaliation claims should be denied as moot.

**B.     Deans and Jones's Conspiracy-to-Retaliate Claims**

Defendants next move for summary judgment on "Deans and Jones's claim for conspiracy to retaliate." (ECF 56, at 10.) Plaintiffs "do not oppose" summary judgment on those conspiracy claims, as Deans's underlying retaliation claim "was previously dismissed" and Jones "does not allege any 'conspiracy to retaliate claim.'" (ECF 59, at 9-10.) So, summary judgment should be granted for defendants on those claims.

### C. Jones's Official-Capacity Claims Against the Warden

Finally, the Warden seeks summary judgment on Jones's official-capacity claim, which is all that remains against the Warden.[1] An official-capacity lawsuit is "equivalent to a suit against the governmental entity itself." *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001). Such an entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 US. 658, 694 (1978). The entity is only "responsible under § 1983" when the injury is inflicted due to "execution of a government's policy or custom." *Id*. "A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official 'to take any remedial steps after the violations.'" *Gomez*, 255 F.3d at 1127 (citation omitted). Thus, plaintiff must show that the official-capacity defendant "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted).

Jones argues that there is at least a genuine issue of material fact on the official-capacity claim because: (1) the "administrators" "turn[ed] a blind-eye" to the acts and history of the guards involved, and (2) the Warden later refused to discipline them, which amounted to "ratification of the officers' actions." (*See* ECF 59, at 14.) Yet the court record tells a different story.

---

[1] Among other things, Warden Paramo moves for summary judgment based on mootness. (ECF 56, at 20-21.) Paramo is sued in his official capacity, but he has since retired and no longer has an official capacity. (*Id*.) Yet "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991). So, Warden Marcus Pollard—the current Acting Warden—was automatically substituted in when he took over the position. *See* Fed. R. Civ. P. 25(d); (ECF 56, at 14).

3

### 1. The Guards' History

Jones has presented no admissible evidence of any custom or history to "turn[] a blind eye" to inmate abuse. (*See* ECF 59, at 14; *see generally* ECF 59-4). While Jones's prison grievance and his complaint allege a continuing pattern of abuse by prison officials, Jones testified that he was aware of only one of the defendant-officers ever being in a physical confrontation with an inmate. (ECF 56-3, at 23-29.) "Liability for [an] improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) ("Proof of random acts or isolated events are insufficient to establish custom.").

Jones's reliance on *Gomez* does not change this conclusion. In *Gomez*, prisoners alleged retaliation for exercising their right to access the courts. 255 F.3d at 1123-24. The court in fact found evidence of a "series of retaliatory acts" in response to "the inmates' constitutionally protected efforts to access the courts." *Id.* at 1123. For example, prison staff—"in the presence of the warden"—instructed one inmate to stop assisting other prisoners "in filing habeas corpus petitions and civil rights claims against the prison." *Id.* at 1122. The officials also disciplined—or threatened to discipline—at least half a dozen other inmates for helping fellow prisoners file civil-rights lawsuits and prepare for disciplinary hearings, "signing affidavits used in litigation against the Department [of Corrections]," filing grievances, or reporting prison-staff misconduct. *Id.* at 1123. In addition, the warden substantially reduced the prison's law-library staff "to prevent inmates' access to the court system." *Id.* The trial court found that the prison administrators failed "to investigate the retaliation complaints," failed to "reprimand or discipline . . . the officers involved even when their supervisors were aware of the complaints," and improperly assigned prisoner-complaint investigations "to officers involved in the grievances." *Id.* at 1127. Unsurprisingly, the Ninth Circuit later affirmed the trial court's

4

finding that "there was a policy or custom that led to violation of the inmates' rights." *Id.* There is nothing approaching that well-documented retaliation history here.

Jones's other favored case—*McRorie v. Shimoda*, 795 F.2d 780 (9th Cir. 1986)—is inapposite, as it concerns a motion to dismiss, not summary judgment. The legal standards are entirely different. *Compare Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss, a complaint must merely allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged") *with Sorayama v. Robert Bane. Ltd., Inc.*, No. CV 05-1431 FMC (MCX), 2006 WL 8432085, at *4 (C.D. Cal. Jan. 27, 2006) ("[S]ummary judgment stage [is] the 'put up or shut up' moment in a lawsuit, when the nonmoving party must show what evidence it has that would convince a trier of fact to accept its version of events.").

**2. Ratification**

So, Jones's last hope is ratification. The State may be liable for its officers' unconstitutional acts on "the basis of ratification when the officials involved adopted and expressly approved of the acts of others who caused the constitutional violation." *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996), *holding modified on a different issue by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001). Jones's ratification argument hinges entirely on Warden Paramo's decision not to discipline the officers after he "personally reviewed all [use-of-force] reports" and determined that the "officers used appropriate force" against plaintiffs here. (*See* ECF 59, at 14.) But the Ninth Circuit holds that "merely stat[ing] that the [government] ratified their employees' conduct by failing to discipline the employees" is insufficient to show a "conscious, affirmative choice to approve [the employees'] actions *and* adopt them as official policy." *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir. 2010) (emphasis added), *overruled on other gds. by Castro v. Cty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016); *see also Santiago v. Fenton*, 891 F.2d 373, 382 (1st Cir. 1989) ("[W]e cannot hold that the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability.").

Because Jones failed to establish a policy or custom of excessive force or retaliation, any claims brought by Jones against the Warden in his official capacity cannot succeed. Since Jones cannot get the equitable relief he seeks, the Court need not address defendants' alternative argument that Jones failed to exhaust his administrative remedies.

## CONCLUSION

Thus, the Court recommends the following rulings:

1. As to Jones's retaliation claim against Bravo, Salazar, and Paramo, summary judgment is **DENIED** as moot. Jones has no such retaliation claim against them.

2. As to Deans and Jones's conspiracy-to-retaliate claims, summary judgment is **GRANTED** for the defense.

3. As to Jones's official-capacity claim against the Warden, summary judgment is **GRANTED** for the defense.

By January 20, 2021, the parties must file any objections to this report. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. Fed. R. Civ. P. 72(b)(2).

Dated: January 6, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge