UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronnie L. MOODY, et al.,<br><br>                       Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                       Defendants. | Case No.: 18-cv-1110-WQH-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART PLAINTIFF'S MOTION TO SUBSTITUTE PROPER PARTY (ECF 72)** |

Donnel Jones Jr. seeks to substitute for his recently deceased father, plaintiff Donnel Jones. Everybody agrees that substitution should generally be allowed. They also agree that substitution is improper as to Jones's intentional-infliction-of-emotional-distress claim. The only issue is whether Jones's claim for pain-and-suffering damages is barred.

## BACKGROUND

In 2018, the late Donnel Jones and three other inmates sued prison officials for excessive force and retaliation. (*See generally* ECF 48, at 5-10.) Jones died due to unrelated causes on December 31, 2020. (ECF 72-2, at 2.) His son now moves to substitute himself for his father, to carry on the litigation. (ECF 72.)

## DISCUSSION

In deciding a substitution motion, a court must consider whether: (1) the motion is timely; (2) the claims pleaded are extinguished; and (3) the person being substituted is a proper party. Fed. R. Civ. P. 25(a)(1). The parties agree that the motion is timely, that Donnel E. Jones Jr. is a proper party, and that most of the claims survive. (*See* ECF 74, at 1-2; ECF 72-1, at 1-2.) They also agree that the common-law claims for intentional infliction of emotional distress are extinguished under California's survival statute. *See* Cal. Civ. Proc. Code § 377.34 ("In an action . . . by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable . . . do not include damages for pain, suffering, or disfigurement."); (ECF 75, at 2).

1

The parties disagree on only one question: Does § 377.34 bar the pain-and-suffering damages alleged in Jones's federal civil-rights action under 42 U.S.C. § 1983?

Damages for such federal claims are generally governed by state law unless doing so would be "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988(a). To determine whether federal law conflicts with California's prohibition on an estate recovering the decedent's emotional damages, courts must look beyond the wording of the relevant statutes and examine "the policies expressed in [them]." *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978). The policy rationales underlying § 1983 include (1) "compensation of persons injured by deprivation of federal rights" and (2) "prevention of abuses of power by those acting under color of state law." *Id.* at 590-91.

In *Robertson*, the Supreme Court considered the case of a civil-rights plaintiff who died of unrelated causes during the litigation, triggering a Louisiana survival statute that *completely* precluded his § 1983 claim. *See* 436 U.S. at 590-93. The Court concluded that this survival statute did *not* conflict with § 1983's twin goals. First, it held that the "goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." *Id.* at 592. In a similar vein, the Court rejected any tension with the deterrence rationale: "A state official contemplating illegal activity must always be prepared to face the prospect of a § 1983 action being filed against him. In light of this prospect, even an official aware of the intricacies of Louisiana survivorship law would hardly be influenced in his behavior by its provisions." *Id.* So, "the Louisiana survivorship provisions" could not be "deemed 'inconsistent with the Constitution and laws of the United States.'" *Id.* at 593 (quoting 42 U.S.C. § 1988).[1]

---

[1] The Supreme Court left open the question of whether this same analysis would apply when the constitutional violations *caused* the plaintiff's death. *See Robertson*, 436 U.S. at 594 (expressing "no view" about the result when "deprivation of federal rights caused death."). In later cases, the Ninth Circuit concluded that when a plaintiff dies because of the unconstitutional activity, § 377.34 is inconsistent with § 1983's underlying

    Many lower courts have followed this same logic and held that when, as here, the plaintiff's death is unrelated to the constitutional violations, § 377.34 does not conflict with federal law. *See, e.g.*, *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002); *Est. of Contreras ex rel. Contreras v. Cnty. of Glenn*, 725 F. Supp. 2d. 1151, 1155-56 (E.D. Cal. 2010).

    Yet that is hardly a unanimous view. A number of courts conclude that § 377.34 is inconsistent with federal law based on § 1983's compensation policy. These courts argue that "the exclusion of pain and suffering wipes out the most significant measure of section 1983 damages and to that extent is inconsistent" with § 1983's purpose. *Williams v. City of Oakland*, 915 F. Supp. 1074, 1079 (N.D. Cal. 1996); *see also Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1014 (N.D. Cal. 2012); *Briggs v. Cnty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2020 WL 3440288, at *6 (D. Ariz. June 23, 2020).

    But this analysis fails to grapple with *Robertson*. After all, in *Robertson* the Supreme Court blessed reliance on a state survival statute in similar circumstances, even though it operated as a *complete* bar to the § 1983 claim. No case has yet explained why judges should ignore the Supreme Court's determination that the "goal of compensating those injured by a deprivation of rights provides *no basis* for requiring compensation of one who is merely suing as the executor of the deceased's estate." *Robertson*, 436 U.S. at 592 (emphasis added). This Court is thus bound by *Robertson*.

    When a § 1983 plaintiff dies unexpectedly in mid-litigation, the *Robertson* Court allowed for only one narrow justification for disregarding a state survival statute like the one here. That is, a court may ignore the survival statute if the "state law did not provide

---

policy goals. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1101-04 (9th Cir. 2014). But the Ninth Circuit stressed that, in analyzing § 1983's deterrence rationale, "the distinction between those violations of federal law that cause death and those that do not is crucial." *Id.* at 1103.

3

for survival of *any* tort actions, or if it significantly restricted the types of actions that survive." *Id.* at 594 (emphasis added and citation and quotation marks omitted). California's § 377.34 does not fall within this exception. It permits the survival of § 1983 suits and virtually every other kind of tort; it just limits the recovery of certain types of damages. So, when the plaintiff dies of unrelated causes during the litigation, § 377.34 does not conflict with § 1983's policy goals. *See Robertson*, 436 U.S. at 593. California's survival statute therefore governs whether pain-and-suffering damages are available here.

## CONCLUSION

Because California's survival statute is not inconsistent with § 1983's underlying policy goals in these circumstances, this Court must apply that survival statute's bar to recovering "damages for pain, suffering, or disfigurement." *See* Cal. Civ. Proc. Code § 377.34. Thus, the Court recommends the following orders:

1. Plaintiff Jones's claim for intentional infliction of emotional distress is **DISMISSED**.

2. Plaintiff Jones's § 1983 damages claim for pain, suffering, or disfigurement is **DISMISSED**.

3. Otherwise, plaintiff Jones's motion for substitution of proper party is **GRANTED**.

By December 24, 2021, the parties must file any objection to this report. *See* 28 U.S.C. § 636(b)(1). By January 7, 2022, the party receiving an objection must file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: December 10, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge