UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. MOODY, GARY T. DEANS, BILLY R. WILLIAMS, and DONNEL E. JONES,<br><br>   Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, DANIEL PARAMO, RODRIGUEZ, J. MCGEE, J. SALAZAR, D. RAMOS, ADAMS, J. HERRERA, W. EDROZO, E. CRUZ, J. DURAN, AVILA, I. BRAVO, and DOES 1-50,<br><br>   Defendants. | Case No.: 18cv1110-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Substitute Party filed by Plaintiff Donnel E. Jones (ECF No. 72) and the Report and Recommendation issued by the Magistrate Judge (ECF No. 78).

**I.   BACKGROUND**

On May 31, 2018, Plaintiffs Moody, Deans, Williams, and Jones, incarcerated at Richard J. Donovan Correctional Facility, initiated this action by filing a Complaint against

1 Defendants California Department of Corrections and Rehabilitation, Daniel Paramo, Rodriguez, J. McGee, J. Salazar, D. Ramos, Adams, J. Herrera, W. Edrozo, E. Cruz, J. Duran, Avila, I. Bravo, and Does 1-50. (ECF No. 1). The Complaint alleged that Defendants used unreasonable force against Plaintiffs, interfered with Plaintiffs' ability to submit grievances and complaints regarding the use of force, and retaliated against Plaintiffs. On September 26, 2019, Plaintiffs filed the operative Amended Complaint. (ECF No. 48).

Plaintiff Donnel E. Jones died on December 31, 2020, from causes unrelated to this action. (*See* ECF No. 72-2 at 2). On July 23, 2021, Plaintiff Jones, by and through his successor-in-interest and son, Donnel Jones Jr., filed a Motion to Substitute Party. (ECF No. 72). On August 16, 2021, Defendants Bravo, Cruz, Duran, Edrozo, McGee, Ramos, and Salazar filed a partial Opposition to the motion, opposing substitution as to Plaintiff's intentional infliction of emotional distress claim and any claims for pain, suffering, or disfigurement, including Plaintiff's Eighth and First Amendment claims under 42 U.S.C. § 1983. (*See* ECF No. 74 at 3-4). On August 18, 2021, Plaintiff filed a Reply acknowledging that substitution was improper as to the intentional infliction of emotional distress claim. (*See* ECF No. 75 at 2).

On December 10, 2021, the Magistrate Judge issued a Report and Recommendation. (ECF No. 78). The Report and Recommendation recommends that the Court: (1) dismiss Plaintiff Jones' cause of action for intentional infliction of emotional distress; (2) dismiss Plaintiff's claims for damages for pain, suffering, or disfigurement under his § 1983 causes of action; and (3) otherwise grant the Motion to Substitute Party.

On December 24, 2021, Plaintiff Jones filed an Objection to the Report and Recommendation, challenging the recommendation to grant dismissal of the claims for pain, suffering, or disfigurement damages under § 1983. (ECF No. 80). On the same date, Defendants filed an Objection challenging the recommendation to otherwise grant the Motion to Substitute Party and requesting dismissal of Plaintiff's claims for pain, suffering, or disfigurement damages under Plaintiff's state-law causes of action. (ECF No. 81).

Defendant's Objection also includes a request for judgment on Plaintiff's state-law causes of action due to Plaintiff's failure to allege recoverable damages in the absence of the availability of pain, suffering, or disfigurement damages. On January 4, 2022, Plaintiff filed a Reply. (ECF No. 82). On January 7, 2022, Defendants filed a Reply. (ECF No. 83).

## II. LEGAL STANDARD ON REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

No party has filed an objection to the conclusion of the Report and Recommendation that Plaintiff Jones' cause of action for intentional infliction of emotional distress should be dismissed. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to Plaintiff's intentional infliction of emotional distress cause of action (ECF No. 78 at page 4, lines 13-14). For the reasons stated in the Report and Recommendation, Plaintiff Jones' intentional infliction of emotional distress cause of action is dismissed with prejudice.

### IV. § 1983 PAIN, SUFFERING, OR DISFIGUREMENT DAMAGES[1]

Plaintiff Jones objects to the recommendation that the Court grant dismissal of the claims for pain, suffering, or disfigurement damages under 42 U.S.C. § 1983. Plaintiff contends that the Magistrate Judge misapplied the Supreme Court's analysis in *Robertson v. Wegmann*, 436 U.S. 584 (1978), in holding that California state law (which bars survival of claims for pain, suffering, or disfigurement damages when a plaintiff dies) does not conflict with the policies expressed in § 1983. Plaintiff contends that California law should not be applied because it is inconsistent with the deterrence rationale of § 1983. Defendants contend that the Report and Recommendation correctly applied *Robertson* and that the deterrence is not materially impacted by prohibiting survival of pain, suffering, or disfigurement damages when a plaintiff's death is unrelated to the action.

In survival actions California law does not allow a decedent's estate to recover for the decedent's pre-death pain, suffering, or disfigurement. *See* Cal. Civ. Proc. Code § 377.34 ("In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."). The Court of Appeals has recognized that "[b]ecause federal law is silent on the measure of damages in § 1983 actions, California's disallowance of pre-death pain and suffering damages governs unless it is inconsistent with the policies of § 1983." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014). "The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson*, 436 U.S. at 591.

---

[1] The Court reaches the same conclusion as the Report and Recommendation on the issue of pain, suffering, or disfigurement damages under § 1983, but the Court conducts its own analysis and does not adopt the discussion of § 1983 contained in the Report and Recommendation.

In *Robertson*, the Supreme Court held that a Louisiana statute that limited survival actions to a decedent's close family members did not conflict with the deterrence goal of § 1983. California's limitation on survivorship is different from the one permitted in *Robertson* in two respects: California's statute limits the types of damages available rather than barring all recovery, and it imposes these limitations on all survival actions, not just those brought by non-family members. The Court of Appeals has determined that the California survivorship statute does conflict with the goal of deterring abuse when the conduct at issue caused the decedent's death. *See Chaudhry*, 751 F.3d at 1104 (reasoning that "a prohibition against pre-death pain and suffering awards for a decedent's estate has the perverse effect of making it more economically advantageous for a defendant to kill rather than injure his victim."). However, "the distinction between those violations of federal law that cause death and those that do not is crucial." *Id.* In the absence of any controlling authority, district courts are split on the issue presented in this case—whether California's survivorship statute conflicts with the goal of deterring abuse when the plaintiff's death is unrelated to the alleged § 1983 violation. *Compare Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002) (holding that there is not a conflict) *with Williams v. City of Oakland*, 915 F. Supp. 1074, 1079 (N.D. Cal. 1996) (holding that there is a conflict).

The Court concludes that the behavior of prison officials contemplating illegal activity would not be meaningfully influenced by the possibility that a prisoner's unrelated and unforeseeable death would bar one form of recovery in a future lawsuit. *Cf. Robertson*, 436 U.S. at 592 ("[G]iven that most Louisiana actions survive the plaintiff's death, the fact that a particular action might abate surely would not adversely affect § 1983's role in preventing official illegality, at least in situations in which there is no claim that the illegality caused the plaintiff's death. A state official contemplating illegal activity must always be prepared to face the prospect of a § 1983 action being filed against him. In light of this prospect, even an official aware of the intricacies of Louisiana survivorship law would hardly be influenced in his behavior by its provisions."); *id.* at 592 n.10 ("In order

to find even a marginal influence on behavior as a result of Louisiana's survivorship provisions, one would have to make the rather farfetched assumptions that a state official had both the desire and the ability deliberately to select as victims only those persons who would die before conclusion of the § 1983 suit (for reasons entirely unconnected with the official illegality) and who would not be survived by any close relatives."). The Court concludes that there is no conflict between California's survivorship statute and the policies underlying § 1983 in this case.[2] Plaintiff Jones' claims for pain, suffering, or disfigurement damages under his § 1983 causes of action are dismissed with prejudice.

## V.   OTHER CLAIMS

Defendants object to the recommendation that Plaintiff Jones' Motion to Substitute Party be otherwise granted. Defendants contend that Plaintiff's claims for pain, suffering, or disfigurement damages under Plaintiff's state-law causes of action should be dismissed. Defendants also contend that they are entitled to judgment on Plaintiff's state-law causes of action due to Plaintiff's failure to allege recoverable damages in the absence of the availability of pain, suffering, or disfigurement damages. Plaintiff Jones contend that the Court should not consider these arguments because they were not raised before the Magistrate Judge. Plaintiff contends that his state-law causes of action survive absent the availability of pain, suffering, or disfigurement damages.

Defendants raised their request that the Court dismiss Plaintiff Jones' claims for pain, suffering, or disfigurement damages under Plaintiff's state-law causes of action before the Magistrate Judge. *See* ECF No. 74 at 3 ("Furthermore, the Court should find that Jones, Jr. is barred from seeking recovery for emotional damages for any of Decedent's remaining claims . . . . To the extent that any of the alleged injuries were for *pain, suffering, or disfigurement*, Jones Jr., as Decedent's survivor, is precluded from recovery. This

---

[2] The other goal of § 1983—compensation of victims—also does not conflict with the California statute. *See Robertson*, 436 U.S. at 592 (stating that "[t]he goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation" to a decedent's estate).

preclusion extends to the Eighth and First Amendment claims brought [under] 42 U.S.C. § 1983." (citations omitted)). However, the Report and Recommendation does not explicitly consider the issue of pain, suffering, or disfigurement damages under Plaintiff's state-law causes of action. The prohibition on the survival of pain, suffering, or disfigurement damages imposed by California state law applies to Plaintiff's state-law causes of action. *See* Cal. Civ. Proc. Code § 377.34; *see also Craig v. County of Orange*, No. SACV 17-00491-CJC(KESx), 2017 WL 11618170, at *4 (C.D. Cal. Sept. 6, 2017) (battery and Bane Act causes of action); *Williams v. Kohl's Dept. Stores, Inc.*, No. EDCV 19-397 JGB (SHKx), 2019 WL 9077476, at *5 (C.D. Cal. Sept. 13, 2019) (negligence cause of action). Plaintiff Jones' claims for pain, suffering, or disfigurement damages under his state-law causes of action are dismissed with prejudice.

Defendants acknowledge that their request that the Court dismiss Plaintiff's state-law causes of action entirely was not raised before the Magistrate Judge. *See* ECF No. 80 at 5 ("Although Defendants did not raise this argument in their opposition to Jones' substitution motion, a district court has discretion to consider or decline new arguments raised for the first time in an objection to a report and recommendation."). No reason for Defendants' failure to raise this argument before the Magistrate Judge has been proffered. An opportunity for the parties to thoroughly brief the issue would aid the Court in determining whether dismissal is appropriate. In exercising its discretion, the Court declines to consider Defendants' request to dismiss Plaintiff's state-law claims. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (acknowledging that district courts in this circuit have the discretion to decline to consider new arguments raised for the first time in an objection to a report and recommendation).

### VI. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 78) is adopted in part and not adopted in part. The Report and Recommendation is adopted as to Plaintiff Donnel E. Jones' claim for intentional infliction of emotional distress, (*id.* at page 4, lines 13-14), and is otherwise not adopted.

1   IT IS FURTHER ORDERED that Plaintiff Donnel E. Jones' Objection to the Report and Recommendation (ECF No. 80) is overruled.

IT IS FURTHER ORDERED that Defendants Bravo, Cruz, Duran, Edrozo, McGee, Ramos, and Salazar's Objections to the Report and Recommendation (ECF No. 81) are overruled in part and sustained in part. Defendants' Objections are sustained as to their request that the Court dismiss Plaintiff Jones' claims for pain, suffering, or disfigurement damages under Plaintiff's state-law causes of action, and are otherwise overruled.

IT IS FURTHER ORDERED that Plaintiff Donnel E. Jones' Motion to Substitute Party (ECF No. 72) is granted in part and denied in part. Plaintiff Jones' intentional infliction of emotional distress cause of action is dismissed. Plaintiff Jones' claims for pain, suffering, or disfigurement damages under all of Plaintiff's causes of action are dismissed. Plaintiff Jones' Motion to Substitute Party is otherwise granted.

Dated: February 3, 2022

*[signature]*
Hon. William Q. Hayes
United States District Court