Rob Bonta
Attorney General of California
Jay M. Goldman
Supervising Deputy Attorney General
Alice M. Segal
State Bar No. 288108
Alexander J. Padua
State Bar No. 327433
Jennifer J. Nygaard
Deputy Attorney General
State Bar No. 229494
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0802
 Fax:  (510) 622-2270
 E-mail:  Jennifer.Nygaard@doj.ca.gov
*Attorneys for Defendants
J. McGee, I. Bravo, D. Ramos, E. Cruz, W. Edrozo and J. Salazar*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONNIE L. MOODY, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,**<br><br>Defendants. | 3:18-cv-01110-WQH-AGS<br><br>**DEFENDANTS' OPPOSED *EX PARTE* APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JENNIFER NYGAARD**<br><br>Judge:   The Honorable William Q. Hayes<br>Trial Date:   March 13, 2023<br>Action Filed:   5/31/2018 |

**EX PARTE APPLICATION**

Defendants J. McGee, I. Bravo, D. Ramos, E. Cruz, W. Edrozo and J. Salazar bring this *ex parte* motion asking the Court to vacate the current trial date of March 13, 2023, and reset it by approximately thirty to ninety days due to the sudden and unexpected unavailability of Defendants' use-of-force expert, Robert Fonzi.  On the

1

same day as the filing of this motion, defense counsel learned that Mr. Fonzi is unavailable for trial because his mother was recently moved into hospice care in San Bernardino, California. Sadly, he must attend to family matters and serve as executor of her will after her expected passing this week. Mr. Fonzi's expert testimony is essential for Defendants to present an adequate defense, and his absence at trial will severely prejudice Defendants. Furthermore, Mr. Fonzi was not deposed in this matter, and therefore it is not possible to designate excerpts of his deposition testimony to remedy his absence.

This motion is based on the supporting Memorandum of Points and Authorities and the attached declaration of counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs are inmates who claim correctional staff used excessive force against them during incidents on July 17, 2017, at the Richard J. Donovan Correctional Facility (RJD).[1] Plaintiffs allege violations of the Eighth Amendment's Cruel and Unusual Punishment Clause based on excessive force allegations, and Plaintiff Williams alleges a violation of the First Amendment based on retaliation, by way of 42 U.S.C. § 1983. Plaintiffs also present state-law claims based on assault and battery, the Bane Act, intentional infliction of emotional distress, and negligence.

On March 9, 2023, defense counsel was informed by their use-of-force expert, Robert Fonzi, that Mr. Fonzi's mother had been moved into hospice care and is expected to pass shortly. Due to this unfortunate situation, Mr. Fonzi informed defense counsel that he will be unavailable to participate on any of the currently-scheduled days of trial, as he must attend to family matters and serve as executor of his mother's will. Mr. Fonzi's expert testimony is critical to Defendants' case-in-chief, and without such testimony, Defendants will be severely prejudiced in their

---

[1] Original Plaintiff Donnell Jones, Sr. is deceased, but was succeeded in interest by his son, Donnell Jones, Jr. References to Jones, or in factual recitations of the incident, refer to Jones, Sr.

2

*Ex Parte* App. to Cont. Trial; Mem. P. & A.; Decl. of J. Nygaard (3:18-cv-01110-WQH-AGS)

defense. Therefore, good cause exists to continue the trial in this matter for thirty to sixty days, or as soon thereafter the Court may reset this case for trial.

After telephonically meeting and conferring, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs will oppose Defendants' ex parte request.

## ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) grants this Court authority to reset a trial date upon a showing of good cause. Good cause under Rule 16(b) primarily considers the diligence of the party seeking to amend a pretrial schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts have broad discretion to grant or deny a request to continue. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). When determining whether district courts have abused their discretion, the Ninth Circuit considers four factors: "(1) the defendant's diligence in preparing his case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the defendant suffered as a result of the denial of the continuance." *United States v. Anguiano*, 731 Fed. App'x. 699, 700 (9th Cir. July 19, 2018). A court's decision will not be reversed "unless the party whose request was denied suffered prejudice." *Id*. (quoting *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995)).

Here, a continuance is warranted. Defendants have been diligent in litigating this action to this point, and are not attempting to delay or participating in gamesmanship. Defendants have filed this motion on the same day that defense counsel learned of Mr. Fonzi's unfortunate situation. (Nygaard Decl. ¶ 3.) Mr. Fonzi is unavailable to participate on any of the currently-scheduled trial days due to his mother's movement into hospice care, and her expected imminent passing. (*Id.*) After her impending passing, Mr. Fonzi must attend to family matters and serve as executor of her will. (*Id.*) Mr. Fonzi expressed that, at a minimum, he will require thirty days to handle his family affairs. (*Id.*)

3

*Ex Parte* App. to Cont. Trial; Mem. P. & A.; Decl. of J. Nygaard  (3:18-cv-01110-WQH-AGS)

As Defendants' use-of-force expert, Mr. Fonzi's expert testimony is crucial to Defendants' case-in-chief. Absent a continuance, Defendants would be severely prejudiced by the lack of Mr. Fonzi's testimony because it is crucial for the jury to learn whether Defendants' actions, as shown by the evidence and their expected testimony, complied with legitimate uses of force under the circumstances. Moreover, Mr. Fonzi has not been deposed in this matter, and therefore it is not possible to designate excerpts of his deposition testimony to remedy his absence. District courts have continued trials in similar situations when key witnesses are unavailable. *See Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-CV-01524-RCJ-(LRL), 2010 U.S. Dist. LEXIS 43164, at *9 (D. Nev. Apr. 30, 2010) (trial continued in excessive force due to unavailability of the plaintiff's treating physician); *Rocketfuel Blockchain, Inc. v. Page*, No. 221CV00103KJDEJY, 2022 WL 1137857, at *1 (D. Nev. Apr. 18, 2022) (trial continued, in part, because one of the plaintiff's primary witnesses who resided out of the country would not have sufficient time to travel to Nevada).

## CONCLUSION

Defendants have demonstrated the existence of good cause for a brief continuance of the trial date in this matter due to the unavailability of use-of-force expert Robert Fonzi. Defendants would be severely prejudiced if Mr. Fonzi is unable to testify at trial. Therefore, this motion should be granted and the trial date should be continued by approximately thirty to ninety days, or as soon thereafter is convenient for the Court. Defendants request that the Court set a telephonic scheduling conference to facilitate the selection of a trial date that is mutually convenient for the court, counsel, and parties.

/ / /

/ / /

/ / /

4

*Ex Parte* App. to Cont. Trial; Mem. P. & A.; Decl. of J. Nygaard  (3:18-cv-01110-WQH-AGS)

Dated: March 9, 2023                     Respectfully submitted,

                                         ROB BONTA
                                         Attorney General of California
                                         JAY M. GOLDMAN
                                         Supervising Deputy Attorney General


                                         ***/S/ Jennifer J. Nygaard***
                                         JENNIFER J. NYGAARD
                                         Deputy Attorney General
                                         *Attorneys for Defendants*
                                         *J. McGee, I. Bravo, D. Ramos, E.*
                                         *Cruz, W. Edrozo and J. Salazar*

5

*Ex Parte* App. to Cont. Trial; Mem. P. & A.; Decl. of J. Nygaard  (3:18-cv-01110-WQH-AGS)

**DECLARATION OF JENNIFER NYGAARD IN SUPPORT OF MOTION TO CONTINUE TRIAL**

I, Jennifer Nygaard, declare as follows:

1. I am an attorney licensed to practice in the State of California and this Court. I am employed by the Office of the Attorney General, and am a counsel of record for Defendants J. McGee, I. Bravo, D. Ramos, E. Cruz, W. Edrozo and J. Salazar.

2. On February 8, 2023, the Court confirmed this matter for a March 13, 2023 trial date. (ECF No. 144).

3. On March 9, 2023, Defendants' use-of-force expert, Robert Fonzi, informed Deputy Attorney General Alice Segal and me that his mother had been moved into hospice care in San Bernardino County, California. She is expected to pass shortly. After his mother's passing, Mr. Fonzi must attend to family matters, in addition to serving as the executor of his mother's will. Therefore, Mr. Fonzi is unavailable to participate at any of the currently-scheduled days of trial in this matter. Mr. Fonzi has expressed that, at a minimum, he will require thirty days to handle his family affairs and be prepared to testify at trial.

4. Mr. Fonzi's expert testimony at trial is essential to providing Defendants with a fair defense in this case.

5. Mr. Fonzi has not been deposed in this matter, and therefore it is not possible to designate excerpts of his deposition testimony to remedy his absence.

6. Deputy Attorney General Alice Segal and I spoke with Mark Merin today at approximately 3:40 p.m., and he indicated that he would oppose Defendants' request for a continuance.

7. In light of the above-described circumstances, Defendants respectfully request that the Court continue the trial for at least thirty to ninety days, or as soon thereafter is convenient for the Court and counsel. I am currently aware of the following scheduling conflicts for Defendants: March 27-April 7, May 1-19, and

6

*Ex Parte* App. to Cont. Trial; Mem. P. & A.; Decl. of J. Nygaard (3:18-cv-01110-WQH-AGS)

June 11-18, 2023.  However, I have not yet been able to speak to all Defendants and witnesses, so there may be additional conflicts I am unaware of at this time.

I declare under penalty of perjury that the above is true.  Executed on March 9, 2023, in Oakland, California.

                                        */S/ Jennifer J. Nygaard*
                                        Jennifer J. Nygaard
                                        Deputy Attorney General

7

*Ex Parte* App. to Cont. Trial; Mem. P. & A.; Decl. of J. Nygaard  (3:18-cv-01110-WQH-AGS)