Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail:     mark@markmerin.com
            paul@markmerin.com

Robert L. Chalfant (State Bar No. 203051)
LAW OFFICE OF ROBERT L. CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 647-7728
Facsimile: (916) 930-6093
E-Mail:     robert@rchalfant.com

Attorneys for Plaintiffs
RONNIE L. MOODY, GARY T. DEANS,
BILLY R. WILLIAMS, and DONNEL JONES JR.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. MOODY, GARY T. DEANS, BILLY R. WILLIAMS, and DONNEL JONES JR., <br><br> Plaintiffs, <br><br> vs. <br><br> J. MCGEE, J. SALAZAR, D. RAMOS, W. EDROZO, E. CRUZ, and I. BRAVO <br><br> Defendants. | Case No. 3:18-cv-01110-WQH-AGS <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF JONES'S DEPOSITION AND REQUEST FOR SANCTIONS** <br><br> Date:     March 13, 2023 <br> Time:     10:00 a.m. <br> Location: U.S. District Courthouse <br>           333 West Broadway <br>           San Diego, CA 92101 <br> Ctrm:     14B <br> Judge:    Hon. William Q. Hayes |

1

## I. INTRODUCTION

Defendants have moved to Court to preclude the use of Plaintiff Donnel Jones's deposition excerpts at trial on the ground that the excerpts were untimely designated. ECF No. 154. Plaintiffs object to this request on grounds stated below.

## II. ARGUMENT

Donnel Jones Sr. died on December 31, 2020. ECF No. 71. Donnel Jones's son, Donnel Jones Jr., was substituted in place of Donnell Jones Sr. on February 3, 2022. ECF No. 85.

On October 25, 2022, the Court issued its Order directing the parties on or before January 24, 2023, to file their Proposed Second Amended Pre-trial Order. ECF No. 104.

On January 17, 2023, Plaintiffs emailed to Defendants a draft of a Second Amended Pre-trial Order which included as No. 8 on Plaintiffs' list of exhibits that they intended to offer at the trial the "deposition of Donnel Jones." That proposed Second Amended Pre-trial Order was provided to the Court on January 24, 2023, including the designation of the Donnell Jones deposition as No. 8 on the Plaintiffs' list of exhibits to be offered at trial.

On March 6, 2023, Plaintiffs presented to the Court at the status hearing a copy of Plaintiffs' exhibit binder which included the designated excerpts of the Donnel Jones Sr. deposition transcript together with a thumb drive with the video-recording of the Jones deposition. By agreement, instead of hard copies of the exhibits, on March 7, 2023, Plaintiffs presented to Defendants electronic copies of all of Plaintiffs' exhibits, including the transcript of the Donnel Jones deposition and the video-recording of that deposition and a list of the sections which Plaintiffs intended to present to the jury with time correlations between the transcript of the deposition and the video-recording of the deposition.

Plaintiffs acknowledge that they did not include page-and-line designations of the Donnel Jones transcript or correlated sections of the Donnel Jones video-recording of his deposition until the submission of Plaintiffs' Exhibit binder on March 7, 2023. This

2

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTIONS TO DESIGNATION OF JONES'S DEPOSITION**
*Moody v. McGee*, United States District Court, Southern District of California, Case No. 3:18-cv-01110-WQH-AGS

failure is an oversight by Plaintiffs' counsel who, frankly, not regularly appearing in the Southern District of California, are unfamiliar with the District's local rules. While it may be of no consequence, during all of the negotiations relating to the drafting of the various Proposed Pre-trial Orders, Defendants' counsel never suggested the need for Plaintiffs to provide the page-and-line designation of the deposition transcripts; neither did Defendants, in listing the exhibits they reserved the right to offer (Part B.2 of Section IV of the proposed and issued pre-trial orders), ever list portions of the depositions by page-and-line that they reserved the right to offer.

Since Donnel Jones Sr. is deceased and the only way his testimony can come before the jury is through his deposition testimony, it would be extremely prejudicial to his case—in fact, fatal to his case—if portions of his deposition (transcript and video tape) were precluded because of late designation of the portions of the deposition to be offered at trial.

On the other hand, the late designation of portions of the Donnel Jones Sr. deposition to be read/shown to the jury is not prejudicial to Defendants since they have had an opportunity, before trial, to review and to object to those portions of the deposition which they believe to be inadmissible. There is no indication that, had these portions of the deposition been earlier identified, the Court would have ruled on Defendants' objections at any earlier time.

### III.    CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully request the Court to deny Defendants' objections to preclude the offering of portions of the Donnel Jones Sr. deposition and to deny Defendants' request for sanctions.

/ / /

/ / /

/ / /

/ / /

/ / /

3
**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTIONS TO DESIGNATION OF JONES'S DEPOSITION**
*Moody v. McGee*, United States District Court, Southern District of California, Case No. 3:18-cv-01110-WQH-AGS

Dated: March 10, 2023

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

By: _____
    Mark E. Merin
    Paul H. Masuhara

    Attorneys for Plaintiffs
    RONNIE L. MOODY, GARY T. DEANS,
    BILLY R. WILLIAMS, and DONNEL JONES JR.

4

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTIONS TO DESIGNATION OF JONES'S DEPOSITION**
*Moody v. McGee*, United States District Court, Southern District of California, Case No. 3:18-cv-01110-WQH-AGS